UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOGAN CHENG f/k/a Shuiyan Cheng, an
  individual,

                    Plaintiff,

      - against -

WENGUI GUO, an individual

                    Defendant.

------------------------------------------------------------x

Case No. _____

**COMPLAINT AND**
**JURY DEMAND**

Plaintiff Logan Cheng f/k/a Shuiyan Cheng ("Plaintiff" or "Cheng") brings this Complaint against Defendant Wengui Guo ("Defendant" or "Guo"), and alleges as follows:

### INTRODUCTION

1. Plaintiff Logan Cheng is a citizen of the State of California. Defendant Guo is a foreign national and a resident of the State of New York. Mr. Guo is a public figure, a purported billionaire, who claims to be a Chinese dissident. Mr. Cheng published several statements on Twitter criticizing Mr. Guo's reputation as a Chinese dissident as unearned and stating that Mr. Guo had, in fact, undermined the political movement he claimed to support. Instead of responding to Mr. Cheng's speech with speech of his own, Mr. Guo instead filed a SLAPP suit in an attempt to stop Mr. Cheng from speaking about him at all.

2. Defendant Guo filed suit against Mr. Cheng in the Eighth Judicial District Court for Clark County, Nevada for defamation, defamation *per se*, and intentional infliction of emotional distress. Plaintiff Cheng filed a Special Motion to Dismiss under NRS 41.660, Nevada's Anti-SLAPP statute, to dispose of Mr. Guo's meritless claims, which the district court granted. Mr. Cheng then filed a motion seeking recovery of costs and attorneys' fees as allowed by the Anti-SLAPP statute, which the district court granted. Mr. Guo has made no effort to pay any of the money awarded by the district court.

3. Mr. Cheng has a statutory right to be made whole as a result of Defendant's conduct. If Defendant Guo is unwilling to pay the attorneys' fees, costs, and damages awarded by the district court, then Mr. Cheng has no choice but to seek redress against the person who made the decision to subject him to a frivolous lawsuit in the first place. Defendant can not be allowed to burden a defendant with costly litigation simply for exercising their First Amendment rights on an issue of public concern and then skip out on their bill. Furthermore, the purpose of the Anti-SLAPP statute is to deter frivolous lawsuits such as Mr. Guo's. If the offensive claim allowed under the statute does not extend to the people who make the decision to file frivolous lawsuits implicating the statute, then the law does not serve its deterrent purpose.

## THE PARTIES

4. Plaintiff Logan Cheng f/k/a Shuiyan Cheng is an individual who is, and at all times was, domiciled in the State of California.

5. Defendant Wengui Guo is an individual who, upon information and belief, is, and at all times relevant was, a foreign national and a resident of the State of New York, residing at 781 Fifth Avenue, Apartment 1801, New York, NY 10022.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the plaintiff is domiciled in the State of California and the defendant is a subject of a foreign state who resides in this state and the amount in controversy exceeds $75,000.00.

7. This Court has personal jurisdiction over Defendant Guo because he is a resident of this judicial district.

8. Venue is proper before in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides in this judicial district.

## GENERAL FACTS

9. On August 9, 2018, Plaintiff Guo filed a complaint in the Eighth Judicial District Court for Clark County, Nevada against Mr. Cheng for (1) defamation, (2) defamation *per se*, and

(3) intentional infliction of emotional distress, Case No. A-18-779172-C (the "Frivolous Lawsuit").

10. Mr. Guo amended his complaint twice, with the operative Second Amended Complaint being filed on April 18, 2019. Mr. Guo's Second Amended Complaint brought the same claims as his first Complaint. (*See* Second Amended Complaint in Frivolous Lawsuit, attached as **Exhibit 1**.)

11. The allegations in the Frivolous Lawsuit were based on several statements Mr. Cheng, a Chinese pro-democracy activist, made on Twitter criticizing Mr. Guo's reputation of being a Chinese dissident as unearned and stating that Mr. Guo had in fact undermined the political movement he claimed to support.

12. On June 14, 2019, Mr. Cheng filed his Anti-SLAPP Special Motion to Dismiss Under NRS 41.660 (the "Anti-SLAPP Motion") as to all of Mr. Guo's claims. (*See* Anti-SLAPP Motion, attached as **Exhibit 2**.)

13. On February 3, 2020, Mr. Cheng filed a Notice of Entry of Order in which the district court granted his Anti-SLAPP Motion, dismissing all of Mr. Guo's claims against him with prejudice under NRS 41.660. (*See* Anti-SLAPP Order, attached as **Exhibit 3**.)

14. On February 24, 2020, Mr. Cheng filed Motion for Costs and Attorneys' Fees under NRS 41.670 (the "Fee Motion"). (*See* Fee Motion, attached as **Exhibit 4**.)

15. On June 5, 2020, Mr. Cheng filed a Notice of Entry of Order and Final Judgment in which the district court granted the Fee Motion, awarding Mr. Cheng $184,955.55 in attorneys' fees, $1,984.84 in costs, and $10,000 in damages under NRS 41.670(1)(b) for a total of $196,940.39. (*See* Order and Final Judgment, attached as **Exhibit 5**.)

16. Despite these orders, Mr. Guo made no attempt to pay these amounts to Mr. Cheng.

17. To this day, Mr. Guo has made no attempts to satisfy any of the district court's orders, or even to communicate with Mr. Cheng about paying the awarded amounts.

## COUNT ONE
### Anti-SLAPP Action Pursuant to NRS 41.670(1)(c)

18. Each of the foregoing paragraphs of this Complaint are incorporated herein by reference.

19. The elements of a claim under NRS 41.670(1)(c) are simple. They are: (1) did the plaintiff file a Special Motion to Dismiss under NRS 41.660 in a prior action?; and (2) did the court in that action grant the Special Motion to Dismiss? If the answer to both questions is "yes," then liability under NRS 41.670(1)(c) is conclusively established.

20. Mr. Cheng filed a Special Motion to Dismiss under NRS 41.660 in the Frivolous Lawsuit. (*See* **Exhibit 2**.)

21. The district court in the Frivolous Lawsuit granted Mr. Cheng's Special Motion to Dismiss and dismissed all of the claims against Mr. Cheng in the Frivolous Lawsuit with prejudice. (*See* **Exhibit 3**.)

22. Mr. Cheng suffered damages as a result of Defendant's filing and maintaining the Frivolous Lawsuit. Specifically, Mr. Cheng incurred attorneys' fees and costs in defending himself from the Frivolous Lawsuit.

23. Additionally, due to Defendant Guo's unwillingness to pay amounts awarded to Mr. Cheng under the Anti-SLAPP statute, he has had to incur additional costs and attorneys' fees in bringing this action.

24. Defendant Guo is liable for these damages, as he was primarily responsible for the decision to file and maintain the Frivolous Lawsuit.

## COUNT TWO
### Malicious Prosecution

25. Each of the foregoing paragraphs of this Complaint are incorporated herein by reference.

26. Under Nevada law, a person may be held liable for malicious prosecution for wrongfully continuing a civil proceeding without probable cause. *See Dutt v. Kremp*, 108 Nev. 1076, 1081 n.2, 844 P.2d 786, 789 (1992).

27. On May 14, 2019, counsel for Mr. Cheng sent counsel for Mr. Guo a letter explaining why the Frivolous Lawsuit was susceptible to dismissal under Nevada's Anti-SLAPP statute and thus lacked probable cause.

28. From that point on, if not sooner, Mr. Guo lacked probable cause to continue the Frivolous Lawsuit.

29. Despite such a lack of probable cause, Mr. Guo nevertheless continued prosecuting the Frivolous Lawsuit.

30. Mr. Guo's continuation of the Frivolous Lawsuit was wrongful because it served to punish Mr. Cheng for speaking on a matter of public concern, which speech was protected under the First Amendment and under Nevada law.

31. Mr. Cheng suffered damages as a result of Defendant's malicious prosecution of the Frivolous Lawsuit. Specifically, Mr. Cheng incurred attorneys' fees and costs in defending himself from the Frivolous Lawsuit.

32. Defendant Guo is liable for these damages, as he was primarily responsible for the decision to file and maintain the Frivolous Lawsuit.

## COUNT THREE
### Action on Foreign Judgment

33. Each of the foregoing paragraphs of this Complaint are incorporated herein by reference.

34. On June 5, 2020, the Eighth Judicial District Court in Clark County, Nevada, entered Final Judgment, which was a final and conclusive judgment, duly given and made by said court against Mr. Guo and in favor of Mr. Cheng.

35. Attached hereto as **Exhibit 5** is a copy of the record of the Eighth Judicial District Court in Clark County, Nevada showing the final judgment of that court in favor of Mr. Cheng, and by this reference is made a part hereof.

36. At all relevant times herein, the Eighth Judicial District Court in Clark County, Nevada was a court of general jurisdiction, duly created and organized by the laws of that state.

37. At all relevant times herein, the Eighth Judicial District Court in Clark County, Nevada had subject-matter jurisdiction over the Frivolous Lawsuit.

38. At all relevant times herein, the Eighth Judicial District Court in Clark County, Nevada had personal jurisdiction over Mr. Cheng, as a Nevada resident, and over Mr. Guo, who consented to personal jurisdiction upon filing suit. *See, e.g., Naum v. Brown,* 604 F. Supp. 1186, 1188 (E.D.N.Y. 1985) ("A plaintiff consents to personal jurisdiction when he files an action in this Court.")

39. Mr. Guo is in arrears on that Final Judgment in the full amount thereof and no part thereof has been paid.

40. Mr. Cheng is entitled to proceed by action on that judgment against Mr. Guo. *See* CPLR 5406.

41. As a result thereof, this Court should enforce the Final Judgment of the Eighth Judicial District Court in Clark County, Nevada, and enter judgment against Mr. Guo, in favor of Mr. Cheng, in the amount of $196,940.39, with interest thereon.

## PRAYER FOR RELIEF

Based upon the foregoing facts, Plaintiff requests judgment against Defendant awarding the following:

    A. For actual and consequential damages incurred by Mr. Cheng resulting from Defendants' Frivolous Lawsuit in excess of $75,000.00, including attorneys' fees incurred in defending against Defendants' Frivolous Lawsuit;

    B. For punitive damages, as allowed by NRS 41.670(1)(c)(2), in excess of $75,000.00;

    C.      For an award of attorneys' fees and costs incurred by Plaintiff in bringing this action, as provided under N.R.S 41.670(1)(c)(3);

    D.      For judgment on the Final Judgment in the amount of $196,940.39 ;

    E.      Pre- and post-judgment interest as allowable under law; and

    F.      All further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

DATED July 22, 2020.          Respectfully submitted,

/s/ Jay M. Wolman
_____

Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele: (702) 420-2001
Email: ecf@randazza.com

Marc J. Randazza (*pro hac vice* forthcoming)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Tele: (702) 420-2001
Email: ecf@randazza.com

Attorneys for Plaintiff
Logan Cheng