# EXHIBIT 3

Anti-SLAPP Order

*Wengui Guo v. Shuiyan Cheng*
Case No. A-18-779172-C (8th Jud. Dist., Clark Cty., NV)

Electronically Filed
2/3/2020 10:14 AM
Steven D. Grierson
CLERK OF THE COURT

**ORDR**
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendant
Shuiyan Cheng

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| **WENGUI GUO a/k/a MILES KWOK,** | Case No. A-18-779172-C |
| Plaintiff, | Dept. 32 |
| vs. | **ORDER** |
| **SHUIYAN CHENG a/k/a HUIYAN CHANG; FANG YONG a/k/a MA KE,** | |
| Defendants. | |

### ORDER GRANTING DEFENDANT SHUIYAN CHENG'S
### ANTI-SLAPP SPECIAL MOTION TO DISMISS UNDER NRS 41.660

This matter, having come before the Court on Defendant Shuiyan Cheng's Anti-SLAPP Special Motion to Dismiss Under NRS 41.660, and it appearing, upon argument of counsel and for good cause shown, the motion is granted:

NRS 41.635 et seq., Nevada's Anti-SLAPP statute, creates a procedure for early dismissal of cases which are targeted at speech and conduct that fall under

- 1 -
Order

specified categories and that lack minimal merit. The statute creates a two-step analysis. First, the moving party must prove by a preponderance of the evidence that the plaintiff's causes of action are based upon statements that fall into at least one category set out in NRS 41.637 and that are made in good faith, meaning they are truthful or were made without knowledge of falsity. If the moving party makes such a showing, the burden then shifts to the plaintiff to make a prima facie showing that it has a probability of prevailing on its claims.

The Court finds Defendant Cheng satisfied his burden under the first prong of this analysis. His statements on which Plaintiff's claims are based are all protected under NRS 41.637(4). Mr. Cheng also showed by a preponderance of the evidence that he made his statements without knowledge they were false.

The Court also finds Plaintiff failed to make a prima facie showing that he has a probability of prevailing on his claims. Plaintiff is a public figure, being heavily reported on, with multiple news sources in the record referring to him and controversies surrounding him.

As a public figure, Plaintiff must prove by clear and convincing evidence that Defendant's statements were made with actual malice, that is with knowing falsity or a reckless disregard for the truth. *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).

Mr. Cheng's statements were consistent with statements about Plaintiff in well-respected publications such as, *inter alia,* Deutsche Welle, The New York Times, and Forbes. Mr. Cheng demonstrated numerous publications in the mainstream press, from multiple countries, were the sources of his basis for the statements he made. Mr. Cheng had no reason to doubt the veracity of those sources, and Mr. Cheng provided uncontroverted evidence that he did not know the statements to be false. His reliance upon mainstream media for his

1 | information makes a finding of recklessness under applicable standards
2 | impossible.

3 | These statements are thus protected under the First Amendment.

4 | Accordingly, IT IS HEREBY ORDERED that Defendant Shuiyan Cheng's Anti-
5 | SLAPP Special Motion to Dismiss Under NRS 41.660 is hereby GRANTED.

6 | IT IS FURTHER ORDERED that all of Plaintiff Wengui Guo's claims are hereby
7 | dismissed with prejudice.

8 | IT IS FURTHER ORDERED that, as the prevailing party on a special motion to
9 | dismiss he filed, Mr. Cheng is entitled to recover his costs and reasonable
10 | attorneys' fees under NRS 41.670(1)(a), and may receive an award of up to
11 | $10,000 in damages under NRS 41.670(1)(b). Mr. Cheng may file a motion for fees,
12 | costs, and damages no later than 21 days following notice of entry of this Order.

13 |
14 | DATED this ___ day of _____, 2020.
15 |
16 |
17 |
18 | DISTRICT COURT JUDGE
    RCB BARE
19 | JUDGE, DISTRICT COURT, DEPARTMENT 32
    Submitted by:
20 |
21 | /s/Marc J. Randazza
    Marc J. Randazza (NV Bar No. 12265)
22 | Ronald D. Green (NV Bar No. 7360)
    Alex J. Shepard (NV Bar No. 13582)
23 | RANDAZZA LEGAL GROUP, PLLC
    2764 Lake Sahara Drive, Suite 109
24 | Las Vegas, Nevada 89117
25 | ecf@randazza.com

26 | Counsel for Defendant
27 | Shuiyan Cheng

- 3 -
Order