# **<u>EXHIBIT 5</u>**

Order and Final Judgement

*Wengui Guo v. Shuiyan Cheng*
Case No. A-18-779172-C (8th Jud. Dist., Clark Cty., NV)

**ORDR**
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendant
Shuiyan Cheng

# EIGHTH JUDICIAL DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| **WENGUI GUO a/k/a MILES KWOK**, | Case No. A-18-779172-C |
| Plaintiff, | Dept. 32 |
| vs. | **ORDER AND FINAL JUDGMENT** |
| **SHUIYAN CHENG a/k/a HUIYAN CHANG; FANG YONG a/k/a MA KE,** | |
| Defendants. | |

### ORDER GRANTING DEFENDANT SHUIYAN CHENG'S MOTION FOR COSTS AND ATTORNEYS' FEES AND FINAL JUDGMENT

This matter, having come before the Court on Defendant Shuiyan Cheng's Motion for Costs and Attorneys' Fees, without any opposition to the same being filed, and it appearing, for good cause shown, the motion is granted:

Mr. Cheng filed a special motion to dismiss under NRS 41.660, which this Court granted. As the prevailing party on this motion, Mr. Cheng is entitled to a mandatory award of costs and reasonable attorneys' fees under NRS 41.670(1)(a). Because Mr. Cheng's special motion to dismiss resolved all of Plaintiff's claims, Mr. Cheng may recover all fees incurred in defending

himself, not just fees directly related to the special motion to dismiss. *See Graham-Suit v. Clainos*, 738 F.3d 1131, 1159 (9th Cir. 2013) (affirmed in *Graham-Suit v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014); *Smith v. Zilverberg*, 2019 Nev. Dist. LEXIS 1139, *4-5 (Nev. Dist. Dec. 13, 2019). This includes fees incurred following the grant of the special motion to dismiss, such as fees incurred in preparing Mr. Cheng's motion for fees. *See Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 21 (2006).

The Court has reviewed the evidence provided in support of the motion for fees, including the spreadsheet of time entries and invoices of Mr. Cheng's counsel, as well as the declaration of an expert, Joseph P. Garin, who rendered an opinion as to the reasonableness of the fees, bills, and expenses. Upon consideration of this evidence and the factors regarding reasonableness of fees enumerated in *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349 (1969), the Court finds that Mr. Cheng should be awarded fees commensurate with the lodestar rates of his attorneys, rather than the discounted rates actually charged Mr. Cheng.

The Court finds that attorney Marc J. Randazza's lodestar hourly rate of $800 is reasonable in light of his skill and experience. In particular, Mr. Randazza was instrumental in the passage of Nevada's 2013 Anti-SLAPP legislation, and played a significant role in shaping the statute's 2015 amendments. (*See* Randazza Decl. at ¶ 10; *see also* Fee Motion **Exhibit 5**.) When Nevada's Anti-SLAPP statute was amended in 2015, Mr. Randazza successfully led the lobbying effort to save the statute from repeal, and was instrumental in crafting the language in the statute today. (*See* Randazza Decl. at ¶ 11; *see also* Fee Motion **Exhibit 6** at 35-38.)

Mr. Randazza is a nationally recognized expert on Anti-SLAPP legislation and free speech issues, has assisted the judiciary committees in both Nevada and Pennsylvania on Anti-SLAPP legislation, and has also published numerous other law review articles on free speech issues. (*See* Fee Motion **Exhibits 5-9**.) He is also a commentator for CNN on Free Speech issues. (*See* Randazza Decl. at ¶ 9.) And, he previously has been a commentator on FOX News for First Amendment issues. (*See id*.) Mr. Randazza holds a JD from Georgetown University Law Center, a Masters in Mass Communications from the University of Florida (with a media law focus), and

an international degree in the form of an LLM from the University of Turin, Italy, where he wrote and published a thesis on freedom of expression issues.  (*See* Fee Motion **Exhibit 9**.)  Mr. Randazza has been a practicing attorney for 18 years.  (*See* Garin Decl. at ¶ 29; *and see* Randazza Decl. at ¶ 1.)  Mr. Randazza has taught First Amendment law at the law school level.  (*See* Fee Motion **Exhibit 9**.)  And, he has given presentations to attorneys in CLE courses on how to handle Anti-SLAPP litigation.  (*See id.*)  Former senator Justin Jones described Mr. Randazza as "one of the preeminent experts on the issue" of Anti-SLAPP litigation.  (*See* **Exhibit 5** at 3.)  Other courts have found similar hourly rates to be reasonable for Mr. Randazza.  *See Tobinick v. Novella*, 207 F. Supp. 3d 1332 (S.D. Fla. 2016) (approving hourly rate of $650 for Mr. Ranazza, and ultimately awarding $223,598.75 to the defendant for fees in connection with the plaintiff's Lanham Act claims); *see also iQTAXX, LLC v. Boling*, No. A-15-728426-C, 2016 BL 154334 (Nev. Dist. Ct. May 10, 2016), Fee Motion **Exhibit 12** (finding hourly rate of $650 for Mr. Randazza, $500 for Mr. Green, and $325 for Mr. Shepard to be reasonable).  While the highest rate awarded to Mr. Randazza in the past was $650 per hour, these awards were in 2016 – and an increase of $150 per hour in the past four years is reasonable.

The Court finds that attorney Ronald D. Green's customary hourly rate of $550 is reasonable in light of his skill and experience.  In particular, Mr. Green has a JD from University of Pittsburgh School of Law and is a Nevada-licensed attorney with over 19 years of litigation experience. (Randazza Decl. at ¶ 13.)  He has spent most of his career as an intellectual property litigator, and has several years of experience with defamation and First Amendment cases.  (*Id*.)  According to the Adjusted Laffey matrix, the standard acceptable billing rate for an attorney of his experience is $747 per hour.  (Fee Motion **Exhibit 10**.) His customary hourly rate of $550 is thus reasonable. (Garin Decl. at ¶¶ 34-35.)  This Court has previously found that an hourly rate of $500 for Mr. Green is reasonable. (*See* Fee Motion **Exhibit 12**.)

The Court finds that attorney Alex J. Shepard's customary hourly rate of $450 is reasonable in light of his skill and experience.  In particular, Mr. Shepard earned his JD from Washington University School of Law, is licensed to practice in both Nevada and California, and has over six

years of experience primarily in intellectual property and First Amendment litigation, including Anti-SLAPP cases. (Randazza Decl. at ¶ 15.) According to the Adjusted Laffey Matrix, the standard acceptable billing rate for an attorney of his experience is $458 per hour. (*See* Fee Motion **Exhibit 10**). His customary hourly rate of $450 is thus reasonable. (Garin Decl. at ¶¶ 34-35; Fee Motion **Exhibit 12** (finding $325 hourly rate for Mr. Shepard to be reasonable)).

The Court finds that paralegal Trey Rothell's customary hourly rate of $200 is reasonable in light of his skill and experience. (Fee Motion **Exhibit 10** and Garin Decl. at ¶¶ 34-35.) The Court finds that paralegals Crystal Sabala and Cassidy Curran's customary hourly rate of $175 is reasonable in light of their skill and experience. (Fee Motion **Exhibit 10** and Garin Decl. at ¶¶ 34-35.)

The Court further finds that the number of hours worked by Mr. Cheng's counsel is reasonable upon consideration of the *Brunzell* factors and the declaration of Mr. Cheng's expert, Joseph Garin. (*See* Garin Decl. at ¶¶ 14-16, 23-32.)

The Court further finds that Plaintiff is a very wealthy individual who has engaged in a pattern of filing lawsuits against his critics. Granting a lodestar fee award will serve to dissuade him from continuing this campaign against other defendants. Furthermore, the two sides in this case were not equally situated – with Plaintiff financially able to bury Mr. Cheng in this matter – but Mr. Cheng's counsel was able to fend off a campaign by very able attorneys who performed admirably for their client, while also being at a significant financial disadvantage.

Given the above, the Court also chooses to exercise its discretion under NRS 41.670(1)(b) and awards Mr. Cheng an additional $10,000 in damages for the purpose of deterring Plaintiff from filing further suits barred under Nevada's Anti-SLAPP statute.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendant Shuiyan Cheng's Motion for Costs and Attorneys' Fees is hereby GRANTED.

**IT IS FURTHER ORDERED AND ADJUDGED** that Mr. Cheng is awarded $1,984.84 in costs and $184,955.55 in attorneys' fees.

**IT IS FURTHER ORDERED AND ADJUDGED** that Mr. Cheng is awarded $10,000 in damages under NRS 41.670(1)(b).

**IT IS FURTHER ORDERED AND ADJUDGED** that there is a final judgment against Plaintiff Wengui Guo in the amount of $196,940.39, for which let execution issue immediately.

DATED this  4th  day of  June , 2020.

_____
DISTRICT COURT JUDGE ROB BARE

HGL

Submitted by:

/s/Alex J. Shepard
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
ecf@randazza.com

Counsel for Defendant
Shuiyan Cheng