| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>LOGAN CHENG f/k/a Shuiyan Cheng,<br> an individual,<br><br>                          Plaintiff,<br><br>    - against -<br><br>WENGUI GUO, an individual<br><br>                          Defendant.<br><br>-----------------------------------------------------------x | <br><br>Case No. 1:20-cv-05678-KPF<br><br>***EX PARTE*<br>MOTION FOR ALTERNATE<br>SERVICE** |

Plaintiff Logan Cheng f/k/a Shuiyan Cheng ("Plaintiff") moves this Court, *ex parte*, upon the accompanying Memorandum of Law, and the Declaration of Jay M. Wolman, with attached exhibits, for an Order granting his *Ex Parte* Motion for Alternate Service, authorizing Plaintiff to serve a copy of the Summons and Complaint in this matter upon Defendant Wengui Guo's counsel.

As set forth in the accompanying declaration of Jay M. Wolman, pursuant to Local Rule 6.1(d), there are good and sufficient reasons why a procedure other than by notice of motion is necessary. Specifically, notice of motion cannot be given where service in the ordinary course cannot be made and is the very reason for the *ex parte* motion is brought. No previous application for similar relief has been made.

|   |   |
|---|---|
| DATED July 30, 2020. | Respectfully submitted,<br><br>/s/ Jay M. Wolman<br>―――――――――――――――――<br>Jay M. Wolman (JW0600)<br>RANDAZZA LEGAL GROUP, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>Tele: (702) 420-2001<br>Email: ecf@randazza.com<br><br>Marc J. Randazza (*pro hac vice* forthcoming)<br>RANDAZZA LEGAL GROUP, PLLC<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117<br>Tele: (702) 420-2001<br>Email: ecf@randazza.com<br><br>Attorneys for Plaintiff<br>Logan Cheng |

The Court is in receipt of Plaintiff's *ex parte* motion for alternate service, as well as an accompanying memorandum of law and supporting exhibits. The Court notes that this action was only initiated on July 22, 2020. Moreover, Plaintiff has offered no indication that he has either inquired as to whether any of Defendant's attorneys are willing to accept service for Defendant, or whether any of the attorneys have a different address for Defendant. The Court thus believes that the instant motion is premature, and hereby DENIES the motion without prejudice as to its renewal upon a showing that traditional means of service are not possible.

Dated:   July 31, 2020         SO ORDERED.
         New York, New York

                               *Katherine Polk Failla*

                               HON. KATHERINE POLK FAILLA
                               UNITED STATES DISTRICT JUDGE