# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOGAN CHENG f/k/a Shuiyan Cheng, an individual,<br><br>*Plaintiff*,<br><br>-against-<br><br>WENGUI GUO, an individual,<br><br>*Defendant*. | 1:20-cv-05678-KPF |

### DEFENDANT WENGUI GUO'S ANSWER TO COMPLAINT

Defendant Wengui Guo ("<u>Defendant</u>" or "<u>Mr. Guo</u>"), by and through counsel, as and for his Answer to the Complaint filed against him by Plaintiff Logan Cheng f/k/a Shuiyan Cheng ("<u>Plaintiff</u>" or "<u>Mr. Cheng</u>"), avers as follows. All allegations not expressly admitted herein are denied.

### INTRODUCTION

1.      Denies, except admits that Mr. Guo is a foreign national and a resident of New York and, further answering, states that the statements made by Mr. Cheng on Twitter should be referred to for the full expression of their terms.

2.      Denies, except admits that Mr. Guo filed suit against Mr. Cheng in the Eighth Judicial District Court for Clark County, Nevada for defamation, defamation *per se*, and intentional infliction of emotional distress, and further answering, states that the complaint and the district court's decisions should be referred to for the full expression of their terms.

3.      Denies, and further answering, states that Mr. Cheng is not entitled to any of the relief he seeks.

## THE PARTIES

4.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, except admits that Mr. Cheng is an individual.

5.      Admits.

## JURISDICTION AND VENUE

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 6.

7.      Paragraph 7 contains legal conclusions to which no response is required.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 8.

## GENERAL FACTS

9.      Denies, except admits that Mr. Guo filed a complaint in the Eighth Judicial District Court for Clark County, Nevada against Mr. Cheng for defamation, defamation *per se*, and intentional infliction of emotional distress, Case No. A-18-779172-C, and further answering, states that the complaint should be referred to for a full expression of its allegations.

10.      Admits the allegations in Paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

11.      Denies, and further answering, states that the complaint and Second Amended Complaint should be referred to for a full expression of their allegations.

12.      Admits the allegations in Paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

13.      Admits the allegations in Paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

1

14.     Admits the allegations in Paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

15.     Admits the allegations in Paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

16.     Denies.

17.     Denies.

## COUNT ONE
### Anti-SLAPP Action Pursuant to NRS 41.670(1)(c)

18.     Mr. Guo incorporates by reference his responses to Paragraphs 1 through 17 above as if each were separately restated here, except to the extent these responses may be inconsistent with his specific responses to the allegations contained in Count I.

19.     The allegations in Paragraph 19 constitute a legal conclusion to which no response is required, and to the extent a response is required, denies.

20.     Admits the allegations in Paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

21.     Admits the allegations in Paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

22.     Defendant lacks sufficient knowledge or information to know whether the allegations in Paragraph 22 are true or false.

23.     Defendant lacks sufficient knowledge or information to know whether the allegations in Paragraph 23 are true or false.

24.     Denies.

## COUNT TWO
### Malicious Prosecution

25.     Mr. Guo incorporates by reference his responses to Paragraphs 1 through 24 above as if each were separately restated here, except to the extent these responses may be inconsistent with his specific responses to the allegations contained in Count II.

26.     The allegations in Paragraph 26 constitute a legal conclusion to which no response is required, and to the extent a response is required, denies.

27.     Denies, except admits that counsel for Mr. Cheng sent Mr. Guo a letter dated May 14, 2019, and further answering, states that the letter should be referred to for a full expression of its contents.

28.     Denies.

29.     Denies.

30.     Denies.

31.     Defendant lacks sufficient knowledge or information to know whether the allegations in Paragraph 31 are true or false.

32.     Denies.

## COUNT THREE
### Action on Foreign Judgment

33.     Mr. Guo incorporates by reference his responses to Paragraphs 1 through 32 above as if each were separately restated here, except to the extent these responses may be inconsistent with his specific responses to the allegations contained in Count III.

34.     Denies, except admits that on June 5, 2020, the Eighth Judicial District Court for Clark County, Nevada entered judgment and, further answering, states that this judgment should be referred to for a full expression of its terms.

35. Admits the allegations in Paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies.

36. Admits.

37. The allegations in Paragraph 37 constitute a legal conclusion to which no response is required, and to the extent a response is required, denies.

38. The allegations in Paragraph 38 constitute a legal conclusion to which no response is required, and to the extent a response is required, denies.

39. Denies.

40. Denies.

41. Denies.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, whether monetary, compensatory, declarative, equitable, punitive, costs, and/or fees relating to this matter, or in any other form sought by Plaintiff.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief may be granted.

2. Plaintiff has failed to plead a proper basis for this Court's jurisdiction.

3. Plaintiff is not entitled to the relief it seeks in its prayer for relief.

4. Plaintiff's claims are barred by fraud.

5. Plaintiff's claims are barred by the doctrine of unclean hands.

6. Plaintiff claims are barred by estoppel.

7. Plaintiff has suffered no damages as a result of Mr. Guo's alleged conduct.

4

8.      Plaintiff is not entitled to punitive damages, and Plaintiff has failed to plead a sufficient basis for punitive damages.

9.      While denying Plaintiff has suffered any damages, Mr. Guo states that Plaintiff's damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

10.     Plaintiff's claims are barred by waiver.

11.     Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

12.     Mr. Guo expressly reserves the right to raise additional affirmative defenses if and when such defenses become known.

WHEREFORE, Mr. Guo demands judgment against Plaintiff:

(i)      Dismissing the claims in the Complaint with prejudice;

(ii)     Awarding him the costs of this action; and

(iii)    Awarding him such other, further relief as this Court deems just and proper.


Dated: September 2, 2020                          Respectfully submitted,

                                                  **SCHULMAN BHATTACHARYA, LLC**

                                                  By:     /s/ Jeffrey S. Gavenman
                                                          Jeffrey S. Gavenman (JG-3738)
                                                          7500 Old Georgetown Road, Ste. 901
                                                          Bethesda, Maryland 20814
                                                          Telephone: (240) 356-8550
                                                          Facsimile: (240) 356-8588
                                                          Email: jgavenman@schulmanbh.com

                                                  *Counsel for Defendant Wengui Guo*