

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

**October 1, 2020**

<u>Via CM/ECF and Email</u>
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
<Failla_NYSDChambers@nysd.uscourts.gov>

   Re: *Logan Cheng v. Wengui Guo* | *1:20-cv-05678-KPF*
      *Pre-Motion Submission re: Motion for Partial Summary Judgment*

Dear Judge Failla:

Pursuant to Your Honor's Individual Rules of Practice, Rule 4(a), Plaintiff Logan Cheng submits this letter regarding a proposed Motion for Partial Summary Judgment. Defendant Wengui Guo does not object to filing the proposed motion. Plaintiff requests a pre-motion conference.

Mr. Cheng filed his complaint in this action against Mr. Guo on July 22, 2020. Dkt. No. 1. Mr. Cheng's complaint sought relief on three counts: (1) Anti-SLAPP Action Pursuant to NRS 41.670(1)(c); (2) Malicious Prosecution; and (3) Action on Foreign Judgment. Dkt. No. 1 at ¶¶ 18-41. Mr. Cheng seeks partial summary judgment as to Count One of his Complaint, an adjudication of Mr. Guo's liability under NRS 41.670(1)(c).

Mr. Cheng's Complaint stems from an action brought by Mr. Guo in the Eighth Judicial District Court for Clark County, Nevada (the "Nevada Lawsuit"). On June 14, 2019, Mr. Cheng filed his Anti-SLAPP Special Motion to Dismiss Under NRS 41.660 as to all of Mr. Guo's claims in the Nevada Lawsuit. The court in that case granted Mr. Cheng's Anti-SLAPP motion in its entirety and notice of entry of the court's order dismissing Mr. Guo's claims against Mr. Cheng with prejudice under NRS 41.660 was filed on February 3, 2020.

Under Nevada's Anti-SLAPP statute, NRS 41.635 *et seq.*, if a lawsuit is brought against a defendant based upon the exercise of his First Amendment rights, the defendant may file a special motion to dismiss. In addition to an award of costs and attorneys' fees to the defendant-movant, NRS 41.670(1)(c) authorizes the defendant in a SLAPP action to bring a separate action to recover compensatory damages, punitive damages, and attorney's fees and costs of bringing the separate action. *See* NRS 41.670(1)(c). Count One of Mr. Cheng's Complaint in this action is brought under this statute.



The elements of a claim under NRS 41.670(1)(c) are simple. "Under Nevada's anti-SLAPP statute, the sole precondition to a defendant's entitlement to compensatory damages and attorney's fees is the district court's grant of a special motion to dismiss." *Nat'l Jewish Democratic Council v. Adelson*, 417 F. Supp. 3d 416, 432 (S.D.N.Y. 2019). Here, Mr. Cheng filed a Special Motion to Dismiss under NRS 41.660 in the Nevada action, and the district court granted it.

Mr. Cheng is entitled to summary judgment as to Mr. Guo's liability under NRS 41.670(1)(c). The statute entitles Mr. Cheng to fees in this action as well as punitive damages, but while a trial may be warranted on those issues, there is no further need to litigate liability. Partial summary judgment is, therefore, warranted.

Mr. Cheng's second cause of action is for malicious prosecution. "In Nevada, to state a claim for malicious prosecution, a plaintiff must allege that a defendant participated in a lawsuit against plaintiff brought with malice and without probable cause. *See Boulware v. State of Nevada, Dept. of Human Resources*, 960 F.2d 793, 801 (9th Cir. 1992)." *Montgomery v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-02079-MMD-PAL, 2013 U.S. Dist. LEXIS 87633, at *10 (D. Nev. May 10, 2013). The high bar set for the successful anti-SLAPP motion demonstrates that Mr. Guo lacked probable cause to bring his claims—in fact, one of the elements of the anti-SLAPP process was for Mr. Guo to make a *prima facie* evidentiary showing of a probability of prevailing on his claims. *See* NRS 41.660(3)(b). He could not even make a *prima facie* case and, therefore, he lacked probable cause. Similarly, Mr. Guo's suit was with malice, as it was in opposition to a "good faith communication in furtherance of…the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). Partial summary judgment may issue thereon as well.

The third cause of action is for this Court to enforce the Nevada money judgment issued against Mr. Guo. Under the Full Faith and Credit Act, "a federal court that is asked to recognize a state court judgment is obligated to give the same preclusive effect to that judgment as would the courts of the rendering state." *Weininger v. Castro*, 462 F. Supp. 2d 457, 470 (S.D.N.Y. 2006) citing 28 U.S.C. § 1738. The Nevada judgment is not susceptible to collateral attack. *See id.* at 472. And, the Nevada court had jurisdiction over Mr. Guo, as he was the one who filed suit there. *See id.* at 471-72. Summary judgment on this count is appropriate, especially where the Nevada judgment is liquidated.

/ /

/ /

**Cheng v. Guo**
1:20-cv-05678-KPF
Page 3 of 3



Mr. Cheng asks this Court for permission to brief these issues in a Motion for Partial Summary Judgment.

Sincerely,

Jay M. Wolman

cc:   All Counsel of Record (via CM/ECF)