**SCHULMAN**BHATTACHARYA

The Clark Building | 7500 Old Georgetown Rd, Ste 901, Bethesda, MD 20814 | 240.356.8550

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

October 6, 2020

**VIA CM/ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



Re:   *Logan Cheng v. Wengui Guo*, 1:20-cv-05678-KPF
      Response to Request for Pre-Motion Conference re: Motion for Partial Summary Judgment

Dear Judge Failla:

    Defendant Wengui Guo ("Mr. Guo") respectfully submits this response to the letter filed by Plaintiff Logan Cheng ("Mr. Cheng") requesting a pre-motion conference regarding his proposed motion for partial summary judgment (ECF. No. 20). As Mr. Cheng states in his letter, Mr. Guo does not object to filing the proposed motion. Accordingly, Mr. Guo responds to set forth his grounds for opposing the motion—and to correct Mr. Cheng's misrepresentations.

    As a preliminary matter, and as Mr. Cheng points out, his "third cause of action is for this Court to enforce the Nevada money judgment issued against Mr. Guo." ECF No. 20 at p. 2. Incredibly, Mr. Cheng's counsel declined to mention that Mr. Guo had already paid this judgment. Two days before Mr. Wolman filed his letter on behalf of Mr. Cheng, undersigned counsel informed Mr. Wolman that Mr. Guo would be immdiately paying the judgment in full. On September 30, 2020, the day before Mr. Cheng filed his letter, Mr. Guo paid $80,000 toward that judgment. Undersigned counsel then informed Mr. Wolman that "the remaining $116,940.39 will be wired to your trust account tomorrow." True to his word, on October 1, 2020, Mr. Guo paid the outstanding amount of the judgment in full. Yet, that same day, Mr. Wolman filed a letter asking for summary judgment to enforce the Nevada judgment, with no mention of Mr. Guo's payment. Mr. Wolman's failure to disclose these facts to this Court is inexplicable and inexcusable. In any event, as the judgment has been paid in its entirety, Mr. Cheng has no grounds whatsoever to move for summary judgment on this claim. To the contrary, Mr. Cheng's claim for action on a foreign judgment must be dismissed.

    Mr. Cheng is not entitled to summary on his remaining claims, either. Mr. Cheng fails to establish that this Court has jurisdiction over this dispute. In his Complaint, Mr. Cheng solely alleges that he is "domiciled in the State of California," Mr. Guo is "a foreign national" residing in New York, and: "This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 because the plaintiff is domiciled in the State of California and the defendant is a subject of a foreign state who resides in this state and the amount in controversy exceeds $75,000.00." ECF No. 1 ("Cplt.")

SCHULMAN**BHATTACHARYA**                                                                                             Page | 2

¶¶ 4-6. These bald allegations regarding Mr. Cheng's "domicile" would likely be insufficient even to avoid dismissal. They are certainly insufficient at the summary judgment stage, when Mr. Cheng "can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Nat'l Jewish Democratic Council v. Adelson*, 417 F. Supp. 3d 416, 432-33 (S.D.N.Y. 2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). In sum, summary judgment is appropriate only in the absence of a genuine dispute regarding citizenship. *Id*. at 433. Here, such a dispute exists. *See, e.g.*, ECF No. 19 ¶ 4 (Mr. Guo "[l]acks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, except admits that Mr. Cheng is an individual.") & p. 4 ("Plaintiff has failed to plead a proper basis for this Court's jurisdiction.").[1]

Summary judgment is otherwise inappropriate. Mr. Cheng's claim for malicious prosecution (Count II) fails as a matter of law. And the extent to which Mr. Cheng is even moving for summary judgment under NRS 41.670(1)(c) (Count I) is unclear from his letter. Mr. Cheng states: "The statute entitles Mr. Cheng to fees in this action as well as punitive damages, but while a trial may be warranted on those issues, there is no further need to litigate liability." ECF No. 20 at p. 2. To the extent Mr. Cheng meant to suggest he intends to move for summary judgment on the issue of Mr. Guo's liability as to punitive damages, as the same case Mr. Cheng cites confirms, even assuming Nevada law applies, he is not entitled to it. *See Adelson*, 417 F. Supp. 3d at 433 (denying summary judgment on issue of liability for punitive damages under Nevada law as issues of material fact existed). At minimum, an issue of fact exists as to Mr. Guo's intent, rendering summary judgment entirely inappropriate on the issue of punitive damages for Count I.

                                                            Respectfully submitted,

                                                            /s/ Jeffrey S. Gavenman
                                                           Jeffrey S. Gavenman (JG-3738)

                                                            *Counsel for Defendant Wengui Guo*

Cc:    Counsel of record (via ECF)

---

[1] From Mr. Cheng's allegations, it is unclear whether he, like Mr. Guo, is a subject of a foreign state, which would deprive this Court of subject matter jurisdiction. *See, e.g.*, *Osei v. Standard Chartered Bank*, No. 15 CIV. 03992 LGS, 2015 WL 4006211, at *2 (S.D.N.Y. June 30, 2015) ("the Supreme Court long ago rejected the contention that two aliens, standing alone, may sue each other in federal court"); *Tecon Oil Servs. Ltd. v. Bayerische Hypo-Und Vereinsbank*, 492 F. Supp. 2d 398, 399 (S.D.N.Y. 2007) (collecting cases and explaining: "In the Second Circuit it is clear that diversity is lacking where there are aliens on both sides of a case."); *Tovar v. Indiana*, No. 11 Civ. 776, 2011 WL 5423161, at *2 (S.D.N.Y. Nov. 8, 2011) (collecting cases and confirming that diversity jurisdiction is absent "where a permanent resident alien appears opposite another alien").

The Court is in receipt of Plaintiff's request for a pre-motion conference (Dkt. #20), and Defendant's response (Dkt. #21). Based on the parties' representations, the Court believes that a conference is warranted. Therefore, the Court hereby CONVERTS the initial pretrial conference, currently scheduled for October 22, 2020, to a pre-motion conference. The parties should be prepared to discuss (i) why the Court was not informed of Defendant's payment to Plaintiff, and (ii) whether both parties are, in fact, foreign nationals.

The Court further ORDERS that the conference take place telephonically. The dial-in instructions are as follows: At 11:00 a.m. the parties will dial (888) 363-4749 and enter access code 5123533. Please note, the conference will not be available prior to 11:00 a.m.

Dated:   October 7, 2020
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE