

Jay Marshall Wolman, JD<br>Licensed in CT, MA, NY, DC

**October 7, 2020**

<u>Via CM/ECF and Email</u>

Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
<Failla_NYSDChambers@nysd.uscourts.gov>

   Re: *Logan Cheng v. Wengui Guo | 1:20-cv-05678-KPF*
      *Pre-Motion Submission re: Motion for Partial Summary Judgment*

Dear Judge Failla:

On October 1, 2020, pursuant to Your Honor's Individual Rules of Practice, Rule 4(a), Plaintiff Logan Cheng submitted a letter regarding a proposed Motion for Partial Summary Judgment. (Dkt. No. 20). In response, Defendant Wengui Guo filed his own letter. (Dkt. No. 21). In scheduling the pre-motion conference, the Court issued a memo endorsement stating, in relevant part:

> The parties should be prepared to discuss (i) why the Court was not informed of Defendant's payment to Plaintiff, and (ii) whether both parties are, in fact, foreign nationals.

Dkt. No. 22. To facilitate that discussion, Plaintiff is submitting this letter.

Plaintiff apologizes to the Court if it appears he or his counsel were not entirely forthcoming. The payments are not relevant to the first or second causes of action, but rather only as to the third—enforcement of the Nevada judgment. That cause of action remained a live dispute at the time the letter was filed and, irrespective of the payments, Plaintiff believes it remains a live issue.

Although, at the time the letter was filed, a **partial** payment had been made, the majority of the payment had not been made. And, although the larger payment was, thereafter, made, undersigned counsel did not believe it would, as a result of information learned earlier on October 1, 2020.

Mr. Cheng is not the only person litigating against Mr. Guo. In an Order issued on September 30, 2020, the day before the letter in this matter was filed, Hon. Barry Ostrager, in *Pacific Alliance Asia Opportunity Fund v. Wan a/k/a Guo Wengui*, Index No. 652077/2017, restrained Defendant "from making or causing any sale, assignment, transfer, or interference with any property in which he has an interest, or from paying over

**Cheng v. Guo**
1:20-cv-05678-KPF
Page 2 of 2



or otherwise disposing of any debt now due or thereafter coming due to him subject to the exceptions set forth in CPLR 5222 and in the ordinary course." Exhibit A, attached.  Thus, at the time the letter was filed, Plaintiff believed in good faith, given Mr. Guo's history, that Mr. Guo would try to rely on that Order to evade making the second payment – even though its language allows payments "in the ordinary course" - which clearly permits payment of a judgment.

Further, the parties continue to dispute whether the judgment to be enforced secured pre- and/or post-judgment interest.  Thus, even with the entire nominal amount of the judgment paid, the relief requested by Plaintiff, that the Court enforce the Nevada judgment in its entirety, remains a live issue.

As to the second issue, Plaintiff was not anticipating the citizenship of Mr. Cheng would be litigated in this action, as evidence of his U.S. citizenship had been previously given to Defendant's prior Nevada counsel.  In the Complaint, Plaintiff pleaded he was domiciled in California.  "A citizen of a state, within the meaning of [28 U.S.C.] section 1332, is a person domiciled within that state who is a citizen of the United States. *See Gilbert v. David*, 235 U.S. 561, 569, 59 L. Ed. 360, 35 S. Ct. 164 (1915)." *In re Ski Train Fire in Kaprun, Aus.*, 257 F. Supp. 2d 717, 725 (S.D.N.Y. 2003).  On November 6, 2018, Mr. Cheng, in connection with a motion to dismiss the Nevada case, had provided a sworn declaration that stated he was a naturalized U.S. citizen.  See Exhibit B at ¶ 6, attached.  Thus, although Defendant is a foreign national, Plaintiff is not.  He is a citizen of California and this Court has jurisdiction per 28 U.S.C. § 1332(a)(2).

Plaintiff will be prepared to address these matters, and any other issues, at the upcoming conference.

Sincerely,

Jay M. Wolman

cc:	All Counsel of Record (via CM/ECF)