
Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

November 6, 2020

<u>Via CM/ECF and Email</u>
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
<Failla_NYSDChambers@nysd.uscourts.gov>

    Re:    *Logan Cheng v. Wengui Guo* | 1:20-cv-05678-KPF

Dear Judge Failla:

Pursuant to the Court's Order of October 22, 2020, and consistent with the requirements of the Notice of Initial Pretrial Conference (Dkt. No. 15), the parties (Plaintiff Logan Cheng and Defendant Wengui Guo) submit their Proposed Civil Case Management Plan and Scheduling Order, attached. The parties further submit this letter addressing the information requested by Your Honor in the Notice.

**(i)    A brief statement of the nature of the action, the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion;**

<u>Nature of the Action:</u>

Mr. Cheng's complaint (Dkt. No. 1) seeks relief on three counts: (1) Anti-SLAPP Action Pursuant to NRS 41.670(1)(c); (2) Malicious Prosecution; and (3) Action on Foreign Judgment. Dkt. No. 1 at ¶¶ 18-41. Mr. Cheng's Complaint stems from an action brought by Mr. Guo in the Eighth Judicial District Court for Clark County, Nevada (the "Nevada Lawsuit"). On June 14, 2019, Mr. Cheng filed his Anti-SLAPP Special Motion to Dismiss Under NRS 41.660 as to all of Mr. Guo's claims in the Nevada Lawsuit. The court in that case granted Mr. Cheng's Anti-SLAPP motion in its entirety and notice of entry of the court's order dismissing Mr. Guo's claims against Mr. Cheng with prejudice under NRS 41.660 was filed on February 3, 2020.

Under Nevada's Anti-SLAPP statute, NRS 41.635 et seq., if a lawsuit is brought against a defendant based upon the exercise of his First Amendment rights, the defendant may file a special motion to dismiss. In addition to an award of costs and attorneys' fees to the defendant-movant, NRS 41.670(1)(c) authorizes the defendant in a SLAPP action to bring a separate action to recover compensatory damages, punitive damages, and attorney's fees and costs of bringing the separate action. See NRS 41.670(1)(c). Count One of Mr.



Cheng's Complaint in this action is brought under this statute. "Under Nevada's anti-SLAPP statute, the sole precondition to a defendant's entitlement to compensatory damages and attorney's fees is the district court's grant of a special motion to dismiss." *Nat'l Jewish Democratic Council v. Adelson*, 417 F. Supp. 3d 416, 432 (S.D.N.Y. 2019). Here, Mr. Cheng filed a Special Motion to Dismiss under NRS 41.660 in the Nevada action, and the district court granted it.

Mr. Cheng's second cause of action is for malicious prosecution. "In Nevada, to state a claim for malicious prosecution, a plaintiff must allege that a defendant participated in a lawsuit against plaintiff brought with malice and without probable cause. *See Boulware v. State of Nevada, Dept. of Human Resources*, 960 F.2d 793, 801 (9th Cir. 1992)." *Montgomery v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-02079-MMD-PAL, 2013 U.S. Dist. LEXIS 87633, at *10 (D. Nev. May 10, 2013). Plaintiff believes the lack of probable cause element is demonstrated, *inter alia,* by the outcome of the anti-SLAPP motion, where Defendant failed to make a *prima facie* evidentiary showing of a probability of prevailing on his claims. *See* NRS 41.660(3)(b). Similarly, Plaintiff believes the malice element is demonstrated, *inter alia,* as the prior suit was in opposition to a "good faith communication in furtherance of…the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a).

The third cause of action is for this Court to enforce the Nevada money judgment issued against Mr. Guo. Under the Full Faith and Credit Act, "a federal court that is asked to recognize a state court judgment is obligated to give the same preclusive effect to that judgment as would the courts of the rendering state." *Weininger v. Castro*, 462 F. Supp. 2d 457, 470 (S.D.N.Y. 2006) citing 28 U.S.C. § 1738. The Nevada judgment is not susceptible to collateral attack. *See id.* at 472. And, the Nevada court had jurisdiction over Mr. Guo, as he was the one who filed suit there. *See id.* at 471-72. Although the nominal amount of the judgment has been satisfied, the parties dispute whether it requires payment of pre- and post-judgment interest. This claim may be withdrawn if Mr. Guo succeeds in his motion in Nevada to deem the judgment satisfied.

Principal Defenses:

As a preliminary matter, and as Mr. Cheng points out, his "third cause of action is for this Court to enforce the Nevada money judgment issued against Mr. Guo." The Nevada money judgment has been paid in full. While Mr. Cheng has now brought a motion requesting an amended judgment to include pre- and post-judgment interest in Nevada, it does not alter the fact that the existing $196,940.39 has already been paid by Mr. Guo. Thus, Mr. Cheng's claim for action on a foreign judgment must be dismissed.



As Mr. Cheng has already received payment on the final judgment, he does not have any compensatory or other damages (indeed, the amount of the final judgment was well in excess of any possible compensatory damages) and thus he cannot meet the elements in the first or second cause of action either. While Mr. Cheng seeks punitive damages in Count I as well, an award of punitive damages would be a violation of the Due Process Clause of the U.S. Constitution in light of the absence of any compensatory damages flowing from the complained-of behavior. Furthermore, even if such punitive damages were permissible, Mr. Guo did not act with malice and Mr. Cheng's own unclean hands equally preclude the award of punitive damages. Similarly, Mr. Cheng's Count II, for malicious prosecution, undoubtedly fails as a matter of law.

> **(ii)** **A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. See, e.g., Handelsman v. Bedford Vill. Assocs. L.P., 213 F.3d 48 (2d Cir. 2000).**

Subject Matter Jurisdiction:

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) as Mr. Cheng is a citizen of California and Mr. Guo is a citizen or subject of the People's Republic of China.

Personal Jurisdiction:

This Court has personal jurisdiction over Defendant as he isa resident of New York County, New York.

Venue:

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) &/or (3) as Defendant is a resident of this judicial district and he is otherwise subject to the Court's personal jurisdiction.

> **(iii)** **A statement of all existing deadlines, due dates, and/or cut-off dates.**



With the exception of the date for the submission of this letter and proposed scheduling order, there are no existing deadlines, due dates, and/or cut-off dates.

**(iv)   A brief description of any outstanding motions.**

There are no outstanding motions in this action.

**(v)   A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

No discovery has yet taken place in this action.

Plaintiff will require discovery as to Mr. Guo's assets and net worth in order for the parties to engage in meaningful settlement negotiations.

**(vi)   A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

The parties have engaged in some settlement discussions, but they are presently far apart in their respective positions.  A settlement conference may be desirable at a later date, but it is not ripe at this time.  The parties reserve the right to request a settlement conference at a later date.

(vii)   **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

As the Court is aware, Plaintiff believes partial summary judgment may facilitate resolution of the matter and streamline discovery and trial, but Defendant disagrees and the Court declined to permit the filing of such a motion.

Motion practice is pending in the Nevada Lawsuit related to post-judgment matters that may affect settlement, including a motion to liquidate a previously-issued sanctions order. The proposed scheduling order is blank as to the deadline for amendments to be made.  Plaintiff would include a provision for motions to amend being made in 90 days, rather than 30, to account for the outcome of those motions, set for hearing on January 7, 2021, and for the pleadings to be potentially amended to conform with the outcome of them.  Defendant prefers that it remain 30 days and does not believe the foregoing constitutes "exceptional circumstance" as required by Your Honor to extend the deadline beyond 30 days.  While the outstanding motions in Nevada might change the state of play,



it is equally likely that they do not change much and there is certainly no guarantee that they are even decided within 90 days. If there is a major change from the motions that requires amendment, Plaintiff can always amend with leave of Court (and Defendant may consent to Plaintiff doing so, depending on the nature of the amendment). Defendant believes the case can and should move forward as is without the uncertainty created by setting that deadline (which allows Plaintiff to unilaterally, dramatically reshape the case) so deep into the discovery period.

Sincerely,

/s/ Jay M. Wolman
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele: (702) 420-2001
Email: ecf@randazza.com
*Attorneys for Plaintiff, Logan Cheng*

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman (JG3738)
Schulman Bhattacharya, LLC
7500 Old Georgetown Road, Ste. 901
Bethesda, MD 20814
Tele: (240) 356-8550
Email: jgavenman@schulmanbh.com
*Attorneys for Defendant, Wengui Guo*