

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

*Confidential Settlement Communication | Fed. R. Evid. 408*

**3 September 2020**

<u>Via Email Only</u>
<jgavenman@schulmanbh.com>

Jeffrey S. Gavenman
Schulman Bhattacharya
7500 Old Georgetown Road, Suite 901
Bethesda, Maryland 20814

> *Re:     Cheng v. Guo | Settlement Discussion*

Dear Attorney Gavenman:

It was a pleasure speaking with you regarding the Cheng v. Guo matter.  As our discussion turned toward potential resolution, I invited your client to make an offer, noting that any compromise would necessarily need to bear in mind the new New York claims and would not be a compromise of the outstanding judgment.

As you are aware, the total judgment in Nevada is $196,940.39, which is immediately collectible.  Your client is presently delinquent in responding to post-judgment asset discovery in Nevada.  A copy of those discovery requests is attached. *See* **Exhibit 1**.  Please note that, due to the delinquency, we have secured an Order from the Nevada court that deems all of Mr. Guo's objections waived, unless they are based on attorney-client privilege.

We also intend to seek a supplemental fee award for, approximately, an additional $70,000 for post-judgment labors.  We believe these will be substantially allowed, as the same judge who awarded us our fees will be reviewing the supplemental fee application.

We appreciate your letter regarding Mr. Guo's direct contact information.  However, the conflicting information provided to us by the building doormen, the failure of Mr. Guo to be reachable at that telephone number, and the contention that, in 2020, Mr. Guo lacks an e-mail address, leads us to disbelieve these representations.  This is not a reflection on you; we do not doubt that you are accurately relaying what he has told you.  But, in light of Mr. Guo's ongoing failure to provide his true information, we intend to enforce the $250,000 per day sanction unless and until he, himself, files a statement sworn under penalty of perjury.  We particularly find his claim to not have an e-mail address to be difficult to believe.  He has a Twitter account and he runs an online video platform; it is incredulous that he does not have an e-mail address.

In the SDNY action, as discussed, we do not believe there is any question as to liability.  In fact, we anticipate an expeditious motion for partial summary judgment, leaving the issue of punitive damages for discovery and trial.  Just as we were able to demonstrate that a sanction of $250,000 per day was reasonable in Nevada, based on Mr. Guo's resources,

Cheng v. Guo | Settlement Discussion
Page 2 of 2



we anticipate that this will similarly factor into any punitive damages award fashioned by a New York jury.  And, considering the individuals with whom your client associates himself, we doubt Mr. Guo will be able to endear himself to the jury.

Last year, a jury imposed a $50 million punitive damages award against billionaire Alki David.  Though Mr. David was physically abusive, Mr. Guo's litigation abuse will not be well received either.  An eight-figure judgment against Mr. Guo is well within the range of potential jury awards, and we anticipate litigating this issue to the fullest extent.

In the interest of compromise, our client is willing to resolve this matter for a settlement payment of $5 million.  The funds would need to be placed in escrow before any settlement is agreed upon.

Thank you for your attention to this matter.


Sincerely,

Jay M. Wolman


cc:     Marc J. Randazza, Esq. <mjr@randazza.com>

encl:   Exhibit 1: Post-Judgment Asset Discovery Requests