

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC



31 December 2020

Via Email and ECF
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
<failla_nysdchambers@nysd.uscourts.gov>

    Re:    *Cheng v. Guo*, Case No. 1:20-cv-05678-KPF | *Response to Letter*

Dear Judge Failla:

The parties' settlement negotiation history has nothing to do with whether the Court needs to intervene regarding Plaintiff Logan Cheng's discovery requests.  At the time Plaintiff filed suit, Mr. Guo was evading the Nevada judgment, evading asset discovery, and evading service, he finally saw fit to pay that, save for post-judgment interest that had accrued.  The settlement letter was addressed to punitive damages as well as a $250,000 *per day* sanction the Nevada court imposed on Mr. Guo.  There is nothing extortionate about seeking sanctions owed and punitive damages against Mr. Guo, who has already been determined to have filed a SLAPP suit against Mr. Cheng.

As to the particular discovery issues raised by Mr. Guo, all he seeks is to needlessly multiply the litigation.  Although the term "identify" uses differing verbiage, the local rule does not limit "Address" to one physical address—residential, work, and e-mail addresses may all fall within them.  And, though it does not explicitly address telephone numbers, such are commonplace inclusions in identifying a person; Defendant essentially would have Plaintiff propound a second set of discovery requests replacing "identify" with "provide the contact information for", which would not pose any theoretical conflict with the local rules.  There is no need to jump through hoops for information Plaintiff is entitled to.

As to the document requests, Mr. Guo is here because he made claims against Mr. Cheng in Nevada.  Punitive damages "punish and deter oppressive, fraudulent or malicious conduct[.]"  *Siggelkow v. Phx. Ins. Co.*, 109 Nev. 42, 44, 846 P.2d 303, 304 (1993); *see also* NRS 42.005.  Plaintiff did not serve discovery requests into the entirety of Mr. Guo's life history and familial background.  Rather, Mr. Guo saw fit to make allegations related thereto part of his Second Amended Complaint in Nevada.  *See* Exhibit 1.  He put those allegations at issue, and discovery here on the allegations in the Second Amended


Complaint is proper.[1]  They go to Mr. Guo's credibility and his underlying motivation for filing a SLAPP suit against Mr. Cheng.  Mr. Guo is now essentially arguing that 2/3 of the factual history recited in the Second Amended Complaint was not germane and that his counsel violated Nev. R. Civ. P. 11 in so filing.  If so, he should admit that he made allegations for an improper purpose.  If not, they are discoverable.  He cannot have it both ways.

As to the requests for financial information, there is no reason to bifurcate discovery. Defendant did not seek a bifurcated discovery schedule to separately address liability and damages, and Defendant resisted expedited summary judgment to address liability.  "[T]he wealth of a defendant is directly relevant to the size of an award, which is meant to deter the defendant from repeating his misconduct as well as punish him for his past behavior." *Ainsworth v. Combined Ins. Co.*, 104 Nev. 587, 593, 763 P.2d 673, 677 (1988) (allowing consideration of nationwide worth); *see also Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 381, 989 P.2d 882, 887 (1999).   Pre-trial financial discovery is appropriate in a claim involving punitive damages.  *See Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 (KMW), 2010 U.S. Dist. LEXIS 145967, at *16-19 (S.D.N.Y. Aug. 6, 2010); see also *Hetter v. Dist. Court*, 110 Nev. 513, 519, 874 P.2d 762, 765 (1994)(finding "defendant's financial condition is a proper subject of discovery on" the issue of punitive damages.). Thus, financial discovery requests, relevant to the issue of punitive damages, is appropriate.

Plaintiff does not believe a confidentiality protective order is necessary or warranted.  Mr. Guo did not even raise the notion until days before the deadline to seek one, which has since elapsed.  Mr. Guo did not seek such an order relative to financial discovery requests propounded in Nevada; instead, he ignored them.  Mr. Guo did not seek such an order relative to financial discovery requests associated with Mr. Cheng's Article 54 enforcement efforts in New York County; again, Mr. Guo simply ignored them.  A confidentiality order here would, in fact, hamstring discovery.  Mr. Guo just had a judgment of $46 million, plus ten years of interest at 15% (i.e., nearly $70 million) entered against him.  *See Pacific Alliance Asia Opportunity Fund, L.P. v. Guo, et al.*, Index No. 652077/2017 (N.Y. County Dec. 18, 2020).  And, he is facing a contempt motion in that case for violating a restraining order by removing his yacht, the Lady May, from New York waters.

In fact, on October 15, 2020, upon the evidence that Mr. Guo's assets are disguised through family members and shell companies, that court permitted the plaintiff in that matter to take discovery into any and all other assets Mr. Guo may own, whether directly or indirectly.  Although there is a blanket confidentiality order in that case, entered July 11,

---

[1] The specific number of document requests is a red-herring, because Plaintiff propounded tailored requests per allegation.  They could be subsumed into a single request to provide documents supporting the allegations in the Second Amended Complaint.



2018, it does not appear to cover financial information. Thus, due to the competing claims to Mr. Guo's assets, and his efforts to hide them, Plaintiff will need to compare notes with Mr. Guo's other creditors to ensure thorough information has been provided and validate the information provided.

Mr. Guo claims litigation abuse because Plaintiff wants a couple of phone numbers, asks Mr. Guo to substantiate the factual allegations he made, and does not think confidentiality is necessary. It is audacious that Mr. Guo seeks fees and a bar on all discovery, and claims Mr. Cheng has acted to cause Mr. Guo to expend fees. It is Mr. Guo who has been found to have filed a SLAPP suit. And, as the Court is aware, Plaintiff sought to expedite this litigation with early summary judgment. The only party multiplying these proceedings is Mr. Guo.

Mr. Guo should be treated like any other litigant before this Court. He, like everyone else, must answer the reasonable discovery requests propounded upon him. No conference is necessary and his putative motion practice is unwarranted.

Sincerely,

Jay M. Wolman

cc:   Jeffrey S. Gavenman (via Email and ECF)

```
The Court is in receipt of Defendant's request for a conference to discuss
Plaintiff's discovery requests (Dkt. #26), and Plaintiff's above response
(Dkt. #27).  The parties are hereby ORDERED to appear for a telephone
conference regarding discovery in this matter on January 21, 2021, at
12:00 p.m.  The dial-in information is as follows: At 12:00 p.m. the
parties shall call (888) 363-4749 and enter access code 5123533.  Please
note, the conference will not be available prior to 12:00 p.m.

Dated:    January 4, 2021              SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE