**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

LOGAN CHENG f/k/a Shuiyan Cheng,

*Plaintiff*,

-v-

WENGUI GUO,

*Defendant*.

1:20-cv-05678-KPF



**STIPULATED PROTECTIVE ORDER**

**Proceedings and Information Governed.**

1.      This Order ("Stipulated Protective Order") is made under Fed. R. Civ. P. 26(c).  It governs the handling, use, and disclosure of any information, document, electronically stored information ("ESI"), or other thing produced in this matter, including, but not limited to: information, documents, ESI, and things produced or made available for inspection in response to document requests or subpoenas; information, documents, ESI, or other things produced by non-parties; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, transcripts, and videotapes; deposition exhibits; testimony adduced at trial; matters in evidence; and other writings or things produced, given, or filed in this action that are designated by Plaintiff Logan Cheng or by Defendant Wengui Guo ("Parties," when referred to collectively herein, and each a "Party" when referred to individually herein) as "Confidential Information" or "Attorneys' Eyes Only" in accordance with the terms of this Stipulated Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such

information.  Such information, documents, ESI and other things described above shall be referred to herein as "Discovery Material."

**Designation and Maintenance of Information.**

2.      For purposes of this Stipulated Protective Order: (a) the "Confidential Information" designation means that the Discovery Material so labeled is comprised of personal, commercial, or otherwise private information that is not publicly known or readily ascertainable, protected in accordance with Fed. R. Civ. P. 26(c), or other information required by law or agreement to be kept confidential, and which is in fact kept confidential by the producing party; and (b) the "Attorneys' Eyes Only" designation means that the Discovery Material so labeled is comprised of information that is especially sensitive, which may include, but is not limited to, trade secrets, confidential research and development, financial, technical, marketing, or other sensitive trade secret information, information that is of technical or commercial advantage to its possessor, an individual's family, financial, medical, personnel records, or other highly-sensitive or personally identifying information, information capable of being utilized for improper purpose by the non-producing party, or other information required by law or agreement to be kept highly confidential and which is in fact kept confidential by the producing party.

Confidential Information and material designated Attorneys' Eyes Only does not include, and this Stipulated Protective Order does not apply to: (a) information that already is legitimately known or legitimately in the possession of the party to whom disclosure is made, unless that party is already bound by agreement not to disclose such information; (b) information that has been disclosed to the public or third persons in a manner making such information no longer confidential; or (c) information disclosed to a receiving party by a third party without breach of an obligation of confidence to the producing party.   The Parties shall use reasonable efforts to

determine whether particular Discovery Material qualifies for designation as Confidential Information or Attorneys' Eyes Only.

Except for Discovery Material made available for inspection at the Parties' respective facilities (to the extent permitted), confidentiality designations shall be made prior to, or contemporaneously with, the production or disclosure of that information.   In the event that Discovery Material is made available for inspection at the Parties' respective facilities, such Discovery Material may be made available for inspection before being assigned a confidentiality designation.   Once specific documents have been designated for copying, any documents containing Confidential Information or material designated Attorneys' Eyes Only will then be marked accordingly after copying but before production to the party who inspected and designated the documents.   There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked Confidential Information or Attorneys' Eyes Only pursuant to this procedure.   Inspection of documents or other things during an on-site inspection shall be conducted only by persons permitted access to material designated Attorneys' Eyes Only pursuant to Paragraph 9 below.

3.      Documents and other Discovery Material produced during the course of this litigation within the scope of Paragraph 2 above may be designated by the producing party as containing Confidential Information or material designated Attorneys' Eyes Only, as the case may be, by placing on each page and each thing, in a manner which will not interfere with its legibility, a legend substantially as follows:

**CONFIDENTIAL**

or

**ATTORNEYS' EYES ONLY**

3

All copies, duplicates, extracts, summaries, or descriptions of documents and other Discovery Material produced that are designated as Confidential Information or Attorneys' Eyes Only under this Stipulated Protective Order (hereinafter referred to as "Confidential Copies") shall immediately be affixed with the appropriate legend of "Confidential" or "Attorneys' Eyes Only" by the party that created such Confidential Copies if such appropriate legend does not already appear on the documents or Discovery Material.

A party may designate information disclosed at a deposition as Confidential Information or Attorneys' Eyes Only by requesting on the record at the time of the deposition that the reporter so designate the transcript or any portion of the transcript.  If such a request is made, then the reporter shall indicate on the cover page of the transcript that the transcript contains Confidential Information or material designated Attorneys' Eyes Only, and the reporter shall list the pages and line numbers of the transcript on which the information in question is contained.  If no such designation is made at the time of the deposition, then any Party will have seven (7) calendar days after receipt of the deposition transcript to designate, in writing to the other Parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Attorneys' Eyes Only.  The designation shall contain a list of the numbers of the pages and lines of the transcript that contain Confidential Information or material designated Attorneys' Eyes Only. If no such designation is made at the deposition or within this seven-day period (during which period, the transcript must be treated as material designated Attorneys' Eyes Only, unless the disclosing party consents to less confidential treatment of the information), then the entire deposition transcript will be considered devoid of Confidential Information or material designated Attorneys' Eyes Only, except for any exhibits to such transcript that were previously designated as Confidential Information or Attorneys' Eyes Only.

Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Stipulated Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Confidential Information or material designated Attorneys' Eyes Only in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as are permitted and required under this Stipulated Protective Order.

A designating party shall have the right to exclude from attendance at a deposition, during such time as Confidential Information or material designated Attorneys' Eyes Only is to be discussed or disclosed, any person other than the deponent, the court reporter, and persons permitted to access said Confidential Information or Attorneys' Eyes Only information under Paragraphs 8 and 9 below.

**<u>Inadvertent Production of Privileged Materials and Failure to Designate.</u>**

4.      Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter, "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).  The Parties intend that this Stipulated Protective Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2).  That is, all disclosures not

made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option.  If the underlying claim of Privilege or Protection is contested, then the Parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B).  In assessing the validity of any claim of Privilege or Protection, the Court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2),but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

For purposes of this Section, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

For purposes of this Section, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

5.     The inadvertent failure to designate any Discovery Material as Confidential or Attorneys' Eyes Only will not be deemed to waive a person's right to later designate or to prevent a party from later designating such material as Confidential or Attorneys' Eyes Only.   The Discovery Material must be treated by the receiving party as Confidential or Attorneys' Eyes Only from the time the receiving party is notified in writing of the change in the designation.   If the material that was inadvertently not designated already has been, by the time of the later designation, filed with the Court and has not been sealed, then the party or person that failed to make the designation may move for appropriate relief.   No other party has any obligation to move for such relief under these circumstances.

**Challenge to Designations.**

6.     A receiving party shall not be obligated to challenge the propriety of a designation of information as protected at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.   A receiving party may challenge a producing party's designation at any time.   Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.   The producing party will then have five (5) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation.   If the Parties are unable to reach agreement after the expiration of this five (5) business-day time frame, during which the Parties shall attempt, in good faith, to resolve their dispute, then the receiving party may at any time thereafter raise the issue with the Court, pursuant to Local Civil Rule 37.2.   Until any dispute under this Paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Stipulated Protective Order.   The provisions of Fed. R. Civ. P. 37(a)(5) apply to any motion challenging the producing party's designation.

**Disclosure and Use of Confidential Information.**

7.       Discovery Material designated as Confidential Information or Attorneys' Eyes Only may be used only for purposes of the litigation, trial, appeal, and proceeding to enforce a judgment or settlement of this action, if any.

8.       Subject to Paragraph 11 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of and agree to be bound by the terms of this Stipulated Protective Order: (a) parties who are individuals or employees, officers, and/or directors of a party that is a business entity, but only those employees, officers, and/or directors required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed (and in no event more than five (5) such employees, officers, and/or directors); (b) counsel of record for the receiving party and employees of such counsel who have direct functional responsibility for the preparation and trial of the lawsuit; any such employee to whom specially retained counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence; (c) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies, images, or litigation-review databases of documents; (d) this Court, including any appellate court for this action, and the court reporters and support personnel for the same.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order; and (e) consultants, investigators, or experts (hereinafter referred to collectively as "experts"), employed by the Parties or counsel of record for the Parties, to assist in the preparation and trial of the lawsuit.  Prior to disclosure, those individuals identified in subparagraph (e) must be informed of and agree ***in writing*** (by signing

the Confidentiality Agreement in the form attached hereto as Exhibit A) to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

9.    Subject to Paragraph 11 below, material designated Attorneys' Eyes Only may be disclosed to the persons described in Paragraphs 8(b), 8(c), 8(d), and 8(e). Discovery Material containing material designated Attorneys' Eyes Only produced under this Stipulated Protective Order shall not be produced or disclosed to any other person without the express ***written*** permission of the producing party.

10.    Counsel is responsible for the adherence by persons described in Paragraph 8(b) to the terms and conditions of this Stipulated Protective Order.  Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11.    Confidential Information or material designated Attorneys' Eyes Only may be disclosed only during a deposition or at trial to a person who is not already allowed access to such information under this Stipulated Protective Order if:

(a)    the information was previously authored or legitimately received by the person or was authored or legitimately received by a director, officer, employee, or agent of the company for whom the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6), as demonstrated by the information itself or foundation testimony during a deposition or trial;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant, or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this Paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by

this Stipulated Protective Order, may be present during the disclosure or discussion of Confidential Information or material designated Attorneys' Eyes Only.  In addition, unless the individual to whom disclosure is made under this Paragraph otherwise is permitted to receive the information under this Stipulated Protective Order, such person shall not be permitted to retain a copy of the document.  Disclosure of material pursuant to this Paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

12.     The existence of this Stipulated Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Stipulated Protective Order.

**Filing Documents with the Court.**

13.     To the extent that any materials subject to this Stipulated Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed with the Court, the filing party shall move that those materials and papers, or any portion thereof which discloses confidential information, be filed under seal, in accordance with Section 6 of the United States District Court for the Southern District of New York's Electronic Case Filing Rules & Instructions and Rule 9 of Judge Failla's Individual Rules of Practice in Civil Cases.  Even if the filing party believes that the materials subject to the Stipulated Protective Order are not properly classified as confidential, the filing party shall file a motion to file documents under seal, as required by Section 6 of the United States District Court for the Southern District of New York's Electronic Case Filing Rules & Instructions; provided, however, that the filing of the motion to file documents under seal

10

shall be wholly without prejudice to the filing party's rights under Paragraph 6 of this Stipulated Protective Order (providing for the right to challenge a particular confidentiality designation) or to otherwise contest the propriety of a seal on those documents.

Nothing herein shall prohibit the filing party and the designating party from agreeing to allow Confidential Information or material designated Attorneys' Eyes Only, in appropriately redacted form, from being used in any court filing without the necessity of moving that the filing be made under seal.

**No Prejudice.**

14.     Signing or agreeing to the entry of, producing, or receiving Confidential Information or material designated Attorneys' Eyes Only pursuant to, or otherwise complying with, the terms of this Stipulated Protective Order, will not: (a) operate as an admission by any party that any particular Confidential Information or material designated Attorneys' Eyes Only contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; (e) prejudice the rights of a party to request additional protection; (f) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Stipulated Protective Order with respect to any particular information or material; or (g) constitute or be construed as: an agreement by any person to produce any documents or to supply any information, a waiver or forfeiture of any trade secret, intellectual property, or proprietary right to, in, or with respect to any Confidential Information or material designated Attorneys' Eyes Only, or a modification, discharge, or

11

abandonment of any pre-existing legal obligation that any designating party may have to keep any discovery material confidential or secret.

**Conclusion of Litigation**.

15.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals,  within sixty (60) calendar days after dismissal pursuant to a settlement agreement, or within sixty (60) calendar days of the filing of a notice of satisfaction of judgment in this action, whichever is later, each party or other person subject to the terms of this Stipulated Protective Order shall destroy or return to the producing party all Discovery Material containing Confidential Information or material designated Attorneys' Eyes Only, and to certify to the producing party that this destruction or return has been done.  However, outside counsel for any party is entitled to retain all court papers, discovery responses, deposition and trial transcripts, deposition and trial exhibits, and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Stipulated Protective Order.  The Clerk can return to counsel or destroy any sealed material at the end of the litigation.

**Other Proceedings**.

16.     If another court or administrative agency subpoenas or orders production of Discovery Material that is or contains Confidential Information or material designated Attorneys' Eyes Only from a non-designating party, then such person shall transmit a copy of such subpoena or order to the designating party as soon as reasonably possible after receiving it, but in no event later than five (5) business days before the date of production set forth in the subpoena or order. The designating party shall then have two (2) business days to notify the person receiving the subpoena or order of the designating party's intent to intervene to resist the subpoena.  Should the designating party give notice of such an intent, the party receiving the subpoena shall cooperate

with the designating party and take reasonable measures to protect the interests of the designating

party, including objecting to the subpoena on the basis of this Stipulated Protective Order and

taking steps necessary to withhold production while the intervening party's motion is pending.

**Remedies.**

17.    It is Ordered that this Stipulated Protective Order may be enforced by such

sanctions as are available to the presiding judge, including the power to hold Parties or other

violators of this Stipulated Protective Order in contempt.  All other remedies available to any

person injured by a violation of this Stipulated Protective Order are fully reserved.

18.    Any Party may petition the presiding judge for good cause shown if the Party

desires relief from a term or condition of this Stipulated Protective Order.


Date: _____March 1, 2021_____

_____
UNITED STATES DISTRICT JUDGE


This Protective Order does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of
this agreement only for the pendency of this litigation.  Any party
wishing to make redacted or sealed submissions shall comply with
Rule 6(A) of this Court's Individual Rules of Civil Procedure.

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

LOGAN CHENG f/k/a Shuiyan Cheng,

*Plaintiff*,

-v-

WENGUI GUO,

*Defendant*.

1:20-cv-05678-KPF

**CONFIDENTIALITY AGREEMENT FOR
EXPERT OR CONSULTANT OF ANY PARTY**

I, _____, hereby affirm that:

Information, documents, electronically stored information ("ESI"), or other things designated as "Confidential Information" or "Attorneys' Eyes Only," as defined in the Stipulated Protective Order entered in the above-captioned action ("Stipulated Protective Order"), is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order.

I have been given a copy of and have read the Stipulated Protective Order.

I am familiar with the terms of the Stipulated Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Stipulated Protective Order.

I agree not to use any Confidential Information or material designated Attorneys' Eyes Only disclosed to me pursuant to the Stipulated Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Stipulated Protective Order, without the express written consent of

the party who designated the information as confidential or by order of the presiding judge.  I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Stipulated Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or material designated Attorneys' Eyes Only in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or material designated Attorneys' Eyes Only are to be promptly returned to counsel who provided me with such documents and materials.

Executed this _____ day of _____, 20___. _____
                                                                                     [NAME]

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

LOGAN CHENG f/k/a Shuiyan Cheng,

*Plaintiff*,

-v-

WENGUI GUO,

*Defendant*.

1:20-cv-05678-KPF

**CONFIDENTIALITY AGREEMENT FOR
THIRD-PARTY VENDORS**

I, _____, hereby affirm that:

Information, documents, electronically stored information ("ESI"), or other things designated as "Confidential Information" or "Attorneys' Eyes Only," as defined in the Stipulated Protective Order entered in the above-captioned action ("Stipulated Protective Order"), is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order.

I have been given a copy of and have read the Stipulated Protective Order.

I am familiar with the terms of the Stipulated Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Stipulated Protective Order.

I agree not to use any Confidential Information or material designated Attorneys' Eyes Only disclosed to me pursuant to the Stipulated Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Stipulated Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Executed this _____ day of _____, 20___.   _____
                                                                              [NAME]