**SCHULMAN**BHATTACHARYA

The Clark Building | 7500 Old Georgetown Rd, Ste 901, Bethesda, MD 20814 | 240.356.8550

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

March 3, 2021

**Via ECF and Electronic Mail**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   *Cheng v. Guo*, Case No. 1:20-cv-05678-KPF
      Request for Clarification Regarding March 2, 2021 Order (ECF No. 36)

Dear Judge Failla:

We represent Defendant Wengui Guo ("Mr. Guo") in the above-captioned case, and we write to request a clarification regarding Your Honor's March 2, 2021 Order (ECF No. 36) granting Plaintiff Logan Cheng's ("Mr. Cheng") request for an extension of time (the "Request") (ECF No. 35).

As a preliminary matter, Mr. Guo notes that the Court granted Mr. Cheng's Request "in light of Defendant's anticipated deposition on March 4, 2021," and "with the expectation that Plaintiff's next submission will report that he has further revised certain of his discovery requests to comport with the guidance given by the Court at the January 21, 2021 conference in this case." ECF No. 36. Accordingly, it is Mr. Guo's understanding that he is not obligated to respond to the Mr. Cheng's Revised Requests for Production of Documents ("Revised RFPs") until Mr. Cheng further revises them.[1] Pursuant to the Court's Scheduling Order, however, fact discovery in this case is set to close on March 6, 2021. ECF No. 25. To ensure his compliance with the Court's Orders, Mr. Guo respectfully asks the Court to clarify that, until the Revised RFPs are further revised, Mr. Guo may refrain from responding to them.

Relatedly, Mr. Guo asks the Court to clarify that discovery is being held open only for Mr. Guo to provide responses to these further Revised RFPs—and not for Mr. Guo's deposition. In his Request, via footnote, Mr. Cheng purports to "reserve[] the right to suspend Mr. Guo's deposition and resume it upon being provided documents that have been withheld to date." Request at 1, n.1. Essentially, Mr. Cheng is seeking an extension of discovery without actually requesting such an extension—and based upon a false premise. Although Mr. Cheng purports to fault Mr. Guo for "having yet to provide any responsive documents" (Request at 1), as Mr. Cheng is well-aware, Mr. Guo has not yet responded to the Revised RFPs for one reason: his responses are not yet due. *See*

---

[1] Notably, the ongoing dispute involves essentially all of the Revised RFPs, given Mr. Cheng's refusal to include an appropriate time limitation.

SchulmanBH.com

ECF No. 32-2.[2] Given that Mr. Cheng served the Revised RFPs on February 5, 2021, Mr. Guo's responses are not due until March 8, 2021. *Id*. Thus, Mr. Cheng has known since February 5 that he would not have any responsive documents until March 8. Nonetheless, on February 25, 2021, Mr. Cheng chose to notice Mr. Guo's deposition for March 4, 2021. If Mr. Cheng will be "handicapped by the absence of documents" (Request at 1), then Mr. Cheng has only himself to blame.[3] Plus, if Mr. Cheng had wanted responsive documents before Mr. Guo's deposition, then he could have simply requested an extension of the discovery deadline to allow for such. Mr. Cheng chose not to do so.

Mr. Cheng should not be afforded a second bite at the apple as a result. Nor should Mr. Guo bear the burden of sitting for two depositions, when he has done nothing wrong. Indeed, document discovery in this case has been delayed for one reason: Mr. Cheng has repeatedly refused to issue properly tailored requests for production, despite having ample opportunity to do so. As detailed in Mr. Guo's January 26, 2021 letter, the Revised RFPs are still massively overbroad and disproportionate. *See* ECF No. 32. In the absence of additional circumstances that might permit Mr. Guo's deposition to be reopened, which Mr. Cheng has not shown, or Mr. Guo's agreement, which Mr. Cheng does not have, Mr. Cheng should only be permitted to depose Mr. Guo once: on March 4, 2021, as the parties agreed.[4] *See* Fed. R. Civ. P. 30(a)(2)(A) (party must obtain leave of court when deponent has already been deposed); *see also, e.g.*, *SS&J Morris, Inc. v. I. Appel Corp.*, No. 97 CIV. 6938 LMM DFE, 2000 WL 959718, at *2 (S.D.N.Y. July 11, 2000) (denying defendants' request to reopen deposition when circumstances were a result of defendants' own "lack of diligence"); *Dash v. Seagate Tech. (US) Holdings, Inc.*, No. CV 13-6329 LDW AKT, 2015 WL 4257329, at *6 (E.D.N.Y. July 14, 2015) (describing circumstances in which depositions might be reopened and denying request to reopen deposition, as defendant "failed to persuade the Court" that any "similar grounds" existed).

---

[2] Mr. Cheng's suggestion that the parties were unable to resolve their discovery dispute because Mr. Guo's counsel "did not know what kinds of records Defendant keeps and where he keeps them, or if his client would possess any documents responsive to particular requests" (Request at 1) is flatly incorrect. During the parties' meet and confer, Mr. Guo's counsel specifically informed Mr. Cheng's counsel that he had already identified numerous responsive documents; was in the process of gathering more; and would make an extensive, timely production. As Mr. Guo's counsel also explained, however, the Revised RFPs are so massively overbroad (particularly given the lack of time limitation) that, in numerous instances, even searching for responsive documents or identifying appropriate sources to search would be impossible. For example, Mr. Cheng demands documents identifying "any instance," from his birth to the present, in which Mr. Guo has "not been honest." RRFP No. 83. There is simply no way to devise a reasonable search protocol to capture such documents.

[3] Further, as the Court knows, Mr. Cheng voluntarily withdrew his initial Requests for Production after the Court agreed with Mr. Guo that they were grossly overbroad.

[4] To the extent the Court is inclined to extend the discovery deadline for Mr. Guo's deposition, so that Mr. Cheng will have the benefit of Mr. Guo's responsive documents beforehand, for the reasons discussed herein, Mr. Cheng should still be limited to taking Mr. Guo's deposition once.

SCHULMAN**BHATTACHARYA**  Page | 3

      For the aforementioned reasons, Mr. Guo respectfully requests that the Court clarify that: (a) Mr. Guo is not obligated to respond to the Revised RFPs until Mr. Cheng further revises them; (b) the March 6, 2021 discovery deadline is extended only as to the issue of these further Revised RFPs; and (c) Mr. Guo's production of documents after his March 4, 2021 deposition does not entitle Mr. Cheng to take a second deposition of Mr. Guo.

                                              Respectfully submitted,

                                              /s/ Jeffrey S. Gavenman
                                              Jeffrey S. Gavenman

cc:     Jay M. Wolman (via ECF and email)