UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOGAN CHENG,

                        Plaintiff,

                -v.-

WENGUI GUO,

                        Defendant.

20 Civ. 5678 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Defendant Wengui Guo was deposed in this matter on April 1, 2021.

During Defendant's deposition, the parties required the Court's intervention to

address certain disputes that had arisen in connection with Defendant's

invocation of his Fifth Amendment right against self-incrimination.  The Court

held a telephonic conference with the parties to discuss these issues, at which

conference it requested an *in camera* submission from Defendant providing

further detail on his assertions of his Fifth Amendment privilege.  Defendant

made the requested submission on April 15, 2021.  (*See* Dkt. #51).

On April 2, 2021, Plaintiff filed a request for an extension of time to

complete discovery in this matter.  (Dkt. #46).  In his letter, Plaintiff explained

that Defendant's deposition testimony had identified the need for certain third-

party discovery.  (*See id.*).  Plaintiff further argued that Defendant's testimony

amounted to a waiver of both his Fifth Amendment and attorney-client

privileges.  (*See id.*).  Defendant opposed Plaintiff's request on April 5, 2021

(Dkt. #47), and Plaintiff submitted a reply letter in further support of his

request the same day (Dkt. #48).  On April 6, 2021, the Court issued an

endorsement tolling the discovery deadline *nunc pro tunc* pending its review of Defendant's deposition transcript and his anticipated *in camera* submission. (Dkt. #49).

The Court has now reviewed with care both Defendant's *in camera* submission and the transcript of Defendant's April 1, 2021 deposition. Based on this record, the Court believes that Defendant had "reasonable cause to apprehend that answering the question[s] [would] provide the government with evidence to fuel a criminal prosecution." *Sec. & Exch. Comm'n* v. *Pence*, 323 F.R.D. 179, 187 (S.D.N.Y. 2017) (quoting *OSRecovery, Inc.* v. *One Group Int'l, Inc.*, 262 F. Supp. 2d 302, 306 (S.D.N.Y. 2003)). Moreover, while the Court understands the arguments made by Plaintiff in favor of Defendant's waiver of his Fifth Amendment privilege, its current view is that the standard to find such waiver has not been met. *See Huber* v. *Arck Credit Co.*, No. 12 Civ. 8175 (JMF), 2016 WL 482955, at *5 (S.D.N.Y. Feb. 5, 2016) ("In order to find a Fifth Amendment waiver, a witness's prior statements must have been testimonial, incriminating, and 'create[ ] a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth.'" (alteration in *Huber*) (quoting *United States* v. *Basciano*, 430 F. Supp. 2d 87, 94-95 (E.D.N.Y. 2006)). Accordingly, the Court will not order the resumption of Defendant's deposition at this time.

With respect to the remaining issue of the waiver of Defendant's attorney-client privilege, the Court will leave that discussion to its upcoming conference with the parties. However, the Court's present thinking is that

2

Plaintiff has not provided a basis to find any waiver of Defendant's attorney-client privilege.

Lastly, the conference scheduled for April 29, 2021, at 10:00 a.m., is hereby CONVERTED to a telephonic proceeding.  The dial-in information is as follows: At 10:00 a.m. the parties shall call (888) 363-4749 and enter access code 5123533.  Please note, the conference will not be available prior to 10:00 a.m.

SO ORDERED.

Dated:   April 22, 2021
         New York, New York

KATHERINE POLK FAILLA
United States District Judge