

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

**September 15, 2021**

<u>Via ECF and Email</u>
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

>    Re:   **Pro Hac Vice Admission of Attorney Marc Randazza**
>          ***Cheng v. Guo* | Case No. 1:20-cv-05678-KPF**

Dear Judge Failla,

On August 11, 2021, Attorney Marc Randazza applied for admission *pro hac vice* in this matter (ECF No. 60). The Court allowed that application on August 12, 2021 (ECF No. 61).

In that application, Mr. Randazza disclosed that he was denied admission pro hac vice in the Superior Court of Connecticut. An attorney in an unrelated proceeding has since asserted that that disclosure was somehow misleading and evasive because the denial orders were not attached nor were the specific cases identified. Such was not Mr. Randazza's or my intent.

I am not aware of any interpretation of Local Civil Rule 1.3(c) that "denied admission" includes denials of admission *pro hac vice*. My understanding of the term, in the context of how the phrase is used throughout Local Civil Rule 1.3 is that "admission" would tend to mean admission to the bar as a regular member. This interpretation is supported by comparison to the American Bar Association Model Rule Governing Pro Hac Vice Admission ("the ABA Model Rule"). The ABA Model Rule expressly requires an applicant to inform the court of any denial of a pro hac vice application. See ABA Model Rule App'x A ("The out-of-state lawyer application shall include: . . . whether the applicant (a) has been denied admission pro hac vice in this state, (b) had admission pro hac vice revoked in this state"). Local Civil Rule 1.3(c) certainly could have used comparable language, but did not do so.However, in the interest of disclosure and to ensure full compliance out of an over-abundance of caution, Attorney Randazza and I agreed that he should disclose his denial of admission *pro hac vice* in Connecticut. I believe the appropriate disclosure was



made, but I am writing now because that other attorney, albeit for strategic purposes, suggests otherwise.

My interpretation of the denial orders in Connecticut, where I am counsel of record, is that the denial was due to the "recent disciplinary history", *i.e.* then-ongoing adjudications and then-ongoing probations/stayed suspensions. Although Attorney Randazza made a second attempt in Connecticut in the same case, disciplinary proceedings remained ongoing, and the court did not change its mind, even though Attorney Randazza by then had successfully completed much of the discipline and most of the adjudications were resolved. Thus, the facts and circumstances I believed that were required to be disclosed were that he was denied while disciplinary proceedings were pending.

As the Court can see from the lengthy attachments regarding the actual discipline, it cannot be said that Attorney Randazza was anything but fully forthcoming. To avoid any suggestion that Plaintiff is attempting to be less than forthcoming, the Connecticut orders are attached.

Thank you for your attention to this matter.

Sincerely,

Jay M. Wolman