

**Marc J. Randazza, JD, MAMC, LLM**
Licensed in AZ, CA, FL, MA, NV

**September 29, 2021**

Via CM/ECF and Email

Hon. Katherine Polk Failla
United States District Court – Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

***Re: Response to Letter [Dkt. No. 70]***
***Cheng v. Guo | Case No. 1:20-cv-05678-KPF***

Dear Judge Failla:

I am writing on behalf of Plaintiff Logan Cheng in response to Mr. Jeffrey Gavenman's letter motion dated September 28, 2021 (Dkt. No. 70) on behalf of Defendant Wengui Guo requesting a pre-motion conference on revocation of my *pro hac vice* admission to this Court.[1] Mr. Gavenman's letter again misrepresents the facts concerning my discipline, which I have fully and candidly disclosed, and seeks an improper tactical advantage by asking this Court to impose the sanction of *pro hac vice* revocation against me. Mr. Gavenman's letter motion is improper, meritless, and should be denied.

To say that Mr. Gavenman has behaved unprofessionally and vituperatively since his earliest involvement in this matter in Nevada would be an understatement. Despite his demeanor and frequent personal attacks, my firm has sought to take the high road. However, now, Mr. Gavenman is attempting to deceive this Court. We are left with no other option than to confront his misrepresentations. While I would prefer to be mindful about the wisdom against getting into the mud along with someone who wants to drag you there, at some point, it becomes impossible to simply let unchecked lies proliferate on a court's docket.

We will sidestep most of Mr. Gavenman's antics and simply address the most glaring dishonesty in his letter: "Mr. Randazza has been subject to discipline *on so many occasions* … that (at least some of) the disciplinary orders against him comprise '88 pages of

[1] Although I would prefer not to personally respond Mr. Gavenman's personal attacks, and instead allow for a response by Mr. Jay Wolman, who is lead counsel for Mr. Cheng in this matter, Mr. Gavenman chose to file his letter motion on Shemini Atzeret, a Jewish holiday, while being very aware that Mr. Wolman is very religiously observant, and Mr. Wolman is thus unavailable. We wish that we could presume, without skepticism, that this was merely coincidental. However, Mr. Gavenman's untruthful statements should not stand without response, and thus I am compelled to respond myself.



materials.'" Dkt. No. 70 at 2. Mr. Gavenman appears to hope that this court will take his statement at face value. Meanwhile, Mr. Gavenman is well aware of the fact that I was disciplined **once**. I do not run from that fact, nor hide it. Thereafter, since I am a member of five state bars and dozens of federal bars, there were *reciprocal proceedings*. Does this mean that I was disciplined "many times"? Of course not, but Mr. Gavenman will not let a little thing like the truth get in the way of his desire to turn this case into his playground.

I provided every possible document to the Court, in the interest of full disclosure. If it bothers Mr. Gavenman that my disclosures added up to 88 pages, then so be it. Personally, I did not feel that attaching 88 pages of the same story, again and again, was necessary. But, I did so out of an interest in over-disclosure rather than under-disclosure.

This Court's *pro hac vice* rule does not ask for details of *pro hac vice* denials, as Mr. Wolman articulately explained in his prior letter. If the Court interprets the rule differently, we invite correction – as we have never found a case in which a Court asked about denials for admission to a bar, without specifying *pro hac vice* admission, and yet required specific descriptions of such denials of *pro hac vice* admission. Similarly, if we are to interpret a rule that consciously omits "including pro hac vice denials" from its language, should I have also interpreted the question about "admissions" to include pro hac vice admissions? If so, I will need to supplement the record, significantly, as I have been admitted pro hac vice quite often, including recently. However, the rule says what the rule says, and we adhered to the rule.

Of course, it should be noted that even Mr. Gavenman admits in his letter, that in my affidavit, **I did, indeed, inform the court that I had been denied *pro hac vice* admission**. ECF No. 60-1 ("Applicant has never been disbarred or denied admission or readmission by any court, except that Applicant was denied admission pro hac vice.") Again, I was not *required* by rule to provide this information – but I did. So, what is Gavenman complaining about? Is the problem that I did not provide the case citation? Presumably if the Court is interested in further detail, it may at any time inquire.

Revocation of *pro hac vice* admission is a species of sanction and must be consistent with the Court's actions as if it were disqualifying a regular member of the Court's bar. *See Martens v. Thomann*, 273 F.3d 159, 175-76 (2d Cir. 2001). Here, revocation of my *pro hac vice* admission would be akin to an order disqualifying me from representing Mr. Cheng in this action. This may be Mr. Gavenman's strategic goal, but it would be inconsistent with precedent to take such a drastic action over what Gavenman has unwittingly admitted amounts to nothing at all.

In deciding whether to disqualify an attorney, a court must balance "'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the




profession.'" *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). "[D]isqualification is only warranted where 'an attorney's conduct tends to taint the underlying trial,' because other ethical violations can be left to federal and state disciplinary mechanisms." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). "Because disqualification motions can often be strategically motivated, create delay and additional expense, and interrupt attorney-client relationships, the movant must satisfy a high standard of proof to disqualify the non-movant's counsel." *Streichert v. Town of Chester*, No. 19-CV-7133 (KMK), 2021 U.S. Dist. LEXIS 35468, at *11-12 (S.D.N.Y. Feb. 25, 2021) (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir.1983)).

Despite Mr. Gavenman's attempts at creating an issue where none exists, he has not shown that I have engaged in any conduct that would even begin to warrant revocation of my *pro hac vice* admission, and he has not shown that his personal interest in seeking my disqualification from this case outweighs Mr. Cheng's right to choose me as his counsel. This Court is experienced enough to know when these antics are engaged in for an improper purpose. I hope that this Court helps to put an end to them.

Sincerely,

Marc J. Randazza

cc: All Counsel of Record (via CM/ECF)