UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOGAN CHENG,<br><br>                              Plaintiff,<br><br>                   -v.-<br><br>WENGUI GUO,<br><br>                              Defendant. | 20 Civ. 5678 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of the parties' submissions regarding Mr. Randazza's *pro hac vice* admission for this case. (Dkt. #66-71). Defendant Wengui Guo now requests that the Court revoke Mr. Randazza's admission. (*See* Dkt. #68, 70). This Court received a similar application in another matter in which Mr. Randazza was admitted *pro hac vice*, wherein it concluded that Mr. Randazza had not been unforthcoming with his disclosures in his application for *pro hac vice* admission and that the additional context provided by the moving party's submissions did not warrant reconsideration of Mr. Randazza's admission for that case. *See Maron* v. *The Legal Aid Society*, No. 21 Civ. 5960 (KPF), Dkt. #41 (S.D.N.Y. Oct. 4, 2021). For substantially similar reasons, the Court declines to revoke Mr. Randazza's admission *pro hac vice* for this case. Nonetheless, as in its decision in *Maron*, the Court again wishes to express its concern regarding certain of Mr. Randazza's actions, including certain allegations against him that were detailed in Defendant's submissions. For good measure, the Court will address Defendant's arguments below.

*First*, Defendant observes that while Mr. Randazza disclosed that he was denied *pro hac vice* admission in a case pending before the Connecticut Superior Court, he failed to disclose that he was also denied *pro hac vice* admission in a parallel case pending in Texas state court. (Dkt. #68 at 1). The Court cautions Mr. Randazza to be more comprehensive in his *pro hac vice* applications going forward, but does not find that this omission warrants revocation of his admission in this matter.

*Second*, Defendant asserts that Mr. Randazza has been accused of threatening a witness in the Texas state-court proceeding. (Dkt. #68 at 2). Following the Court's review of the record in that case, it finds that Mr. Randazza's communications may be understood as expressing a concern over a potential violation of California's two-party consent law. (*See* Dkt. #68-3 at 9-10). To be sure, the Court finds Mr. Randazza's tone and language in certain of his correspondence to be wholly unbecoming of an officer of the court. Regardless, the Court does not perceive unadjudicated charges of witness intimidation to be a basis for sanctioning Mr. Randazza in the instant proceeding at this time. It reaches the same conclusion with respect to the other allegations levied against Mr. Randazza in the Texas proceeding. (*See generally* Dkt. #68-3).

*Third*, Defendant urges the Court to consider other conduct engaged in by Mr. Randazza and his law firm in the Connecticut state-court case. In particular, Defendant notes that Mr. Wolman filed a notice in the Connecticut proceeding reporting that Mr. Randazza's law firm had obtained documents

relating to a settlement entered into by the Connecticut plaintiffs and a former defendant in the case, after the Connecticut Superior Court issued several orders prohibiting Mr. Randazza's clients from requesting documents related to this settlement. (Dkt. #68 at 2). The Court has reviewed the notice, which represents that these settlement documents were "unsolicited." (Dkt. #68-3 at 21-22). Moreover, it appears that the Connecticut Superior Court did not sanction either Mr. Randazza or his firm in response to this disclosure. The Court will not do so here.

*Lastly*, Defendant refers the Court to the submission of a defendant in *Maron* v. *The Legal Aid Society*, discussing the disciplinary proceedings that resulted in Mr. Randazza's twelve-month suspension by the Supreme Court of the State of Nevada in 2018. (Dkt. #68 at 3 (referencing No. 21 Civ. 5960, Dkt. #28)). As in *Maron,* Defendant asks the Court to consider in its entirety the amended complaint that precipitated the Nevada disciplinary proceedings. (*Id.*). That amended complaint asserted a total of nine ethical violations against Mr. Randazza, and the matter was resolved when Mr. Randazza admitted to two of these ethical violations. (*Id.*). While the Court finds all of the alleged breaches of Mr. Randazza's ethical and professional obligations concerning, it declines to reconsider his *pro hac vice* admission based on unadjudicated and disputed allegations. Mr. Randazza has already faced sanctions in multiple jurisdictions for the ethical violations to which he pleaded guilty, and the seven additional counts in the amended complaint are merely allegations to which Mr. Randazza has not admitted. The Court does not consider the additional

context provided by the defendant in *Maron* to justify its revocation of Mr. Randazza's *pro hac vice* admission.

For the foregoing reasons, the Court DENIES Defendant's request for a pre-motion conference regarding his anticipated motion to revoke Mr. Randazza's *pro hac vice* admission. However, the Court should in no way be understood as condoning or trivializing any of the serious allegations contained in Mr. Randazza's disciplinary record. Mr. Randazza appears to have repeatedly toed ethical lines, and the Court remains concerned about the recency of certain allegations against Mr. Randazza. The Court reserves the right to revisit this decision if additional developments in this or other cases render it appropriate for the Court to do so.

SO ORDERED.

Dated: October 5, 2021
       New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge