

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

November 18, 2021

Via CM/ECF and Email
Hon. Katherine Polk Failla
United States District Court – S.D.N.Y.
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



    Re:    *Letter Motion to File Documents Under Seal*
             *Cheng v. Guo | Case No. 1:20-cv-05678-KPF*

Dear Judge Failla:

This firm represents Plaintiff Logan Cheng in the above-referenced civil action. I am writing pursuant to Your Honor's Individual Rules of Practice Rule 9 to respectfully request that this Court accept for filing under seal the documents described below that accompany Plaintiff's Motion for Partial Summary Judgment, filed contemporaneously.

Plaintiff seeks to file under seal: (1) the transcript of the deposition of Yanping Wang, the Corporate Representative of Golden Spring New York, Ltd., (2) page 31, lines 7-10 of the transcript of the deposition of Logan Cheng, (3) bank records produced by Golden Spring New York, Ltd., a third party, and (4) an unredacted copy of Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment and Statement of Material Facts referencing these documents.

Plaintiff respectfully submits that good cause exists for such sealing and/or redactions, as each of the documents or passages identified for sealing or redaction is not only designated "Confidential" or "Attorneys' Eyes Only" pursuant to the March 1, 2021 Stipulated Protective Order in this matter, Dkt. No. 33, but also falls into one of more of the following categories that further justify sealing.

Plaintiff first recognizes that "'documents submitted to a court for its consideration in a summary judgment motion are — as a matter of law — judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.'" *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). However, "the right to inspect … judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might [] become a vehicle for improper purposes" such as using records to gratify spite or promote scandals or files that might "serve as reservoirs of libelous statements for press consumption." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 602 (1978).



A proponent of sealing may overcome the presumption of access by demonstrating a substantial probability of harm to a compelling interest. *See Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 164-65 (2d Cir. 2013) ("[T]he First Amendment right creates only a presumptive right of access … '[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification,' not the simple act of exclusion itself." (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 296 (2d Cir. 2011)) (emphasis in original)). "'[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Courts consider many factors in in assessing whether a document may be sealed. For example, courts consider "the extent of the closure or sealing sought; the potential damage to [the Parties] from disclosure; the significance of the public interest at stake; the extent to which [the Parties] intend to prove [their] case by relying on documents [they] seek to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to the adjudication." *Standard Inv. Chtd., Inc. v. NASD*, 2008 U.S. Dist. LEXIS 4617, at *25 (S.D.N.Y. Jan. 23, 2008). Moreover, "[t]he interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Id*.

The documents that Plaintiff wishes to remain sealed (and anticipates that Defendant and the third-party do as well), namely the deposition transcripts and the bank records, contain personal and business information that would be harmful to the parties if they were made public, namely information relating to home addresses, business losses associated with the claims made herein, and other accusations that are tangential to the matters at issue herein, but are nonetheless proper exhibits. The unredacted memorandum and statement of material facts must also be sealed because they reference these documents. There is little public interest at stake in requiring these documents to be filed publicly.

In light of the foregoing, Plaintiff Logan Cheng respectfully requests that these documents be accepted for filing under seal.

Sincerely,

Jay M. Wolman

cc: All Counsel of Record (via CM/ECF)

Application GRANTED.  The Clerk of Court is directed to file the documents at docket number 81 under seal, visible to the Court and parties only.  The Clerk of Court is further directed to terminate the pending motion at docket number 80.

Dated:     November 22, 2021          SO ORDERED.
           New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE